**William R. FREEMAN,
Plaintiff-Appellant,**

v.

**LOCAL UNION NO. 135 CHAUFFEURS, TEAMSTERS, WAREHOUSEMEN AND HELPERS, Defendant-Appellee.**

No. 83–2500.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 11, 1984.[*]

Decided Oct. 26, 1984.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such state-ment having been filed, the appeal has been submitted on the briefs and record.

**1318**

Patrick H. Mulvany, Indianapolis, Ind., for plaintiff-appellant.

William R. Groth, Fillenwarth, Dennerline & Groth, Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, and BAUER and FLAUM, Circuit Judges.

CUMMINGS, Chief Judge.

This case presents an issue of first impression in this circuit: whether a union's duty of fair representation extends to its decision not to ask a court to vacate an arbitrator's award. We conclude that in the circumstances of this case there was no such duty and, as a result, affirm the district court's dismissal of the complaint.

### I.

The plaintiff, William Freeman, worked for Roadway Express ("Roadway") until he was discharged on July 29, 1981. The next day, Freeman filed a grievance protesting the discharge. The collective bargaining agreement between Roadway and the defendant union, Local 135, established a grievance-arbitration procedure for handling employer-employee disputes.[1] Freeman's grievance went through the stages provided in the contract, culminating in a hearing before the grievance committee. The committee—whose decisions are final and binding under the contract—ruled unanimously to deny plaintiff's grievance on September 1, 1981.[2]

Freeman did not file the instant action until May 25, 1982. The heart of the complaint is that Local 135 acted arbitrarily and in bad faith in refusing or failing to assist plaintiff in requesting relief from the alleged wrongful discharge.[3] Freeman claims that his cause of action did not accrue until December 1, 1981, when the time expired to seek judicial review of the arbitrator's award in an Indiana court. Ind.Code Ann. § 34-4-2-13(b) (West 1983).

---

1. Our knowledge of the provisions of the collective bargaining agreement is sketchy at best. Plaintiff's appendix contains only part of the complaint, one paragraph of which includes excerpts from the agreement. Defendant's brief contains several assertions about the agreement, none of which are challenged by Freeman. The record is of no help: plaintiff has filed only a short record in this court and it contains no information about the collective bargaining contract. Consequently, our statements about the agreement are derived from the portion of the complaint found in plaintiff's appendix and the information in defendant's brief. If our summary of the contract's provisions is less than complete, plaintiff-appellant bears the responsibility for not assembling an adequate record for this court to review. *In re UNR Industries, Inc.,* 736 F.2d 1136, 1138 n. 3 (7th Cir.1984); *Casualty Indemnity Exchange v. Village of Crete,* 731 F.2d 457, 460 (7th Cir.1984).

2. The parties refer to the committee's decision as an arbitrator's award. Apparently, the contract provides that grievances are arbitrated by a committee consisting of an equal number of union and industry representatives. In this opinion, we use the appellations "committee" and "arbitrator" interchangeably.

3. Plaintiff claims that his discharge was wrongful because Roadway's notice of discharge was improper. Plaintiff contends that he received the notice eleven days after the date of the notice. Because the contract provides that grievances about discharges must be filed within ten days from the date of the notice, the committee denied Freeman's grievance as untimely.

Local 135 contends that Freeman's cause of action accrued on September 1, 1981, when the committee rendered its decision, and was therefore untimely; the union argues that it had no duty to bring suit to vacate the award. The parties agree that the relevant statute of limitations is the six-month period provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982). *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476.[4]

As we read plaintiff's briefs, he makes two arguments in support of his contention that his cause of action accrued on December 1, 1981 and was therefore not time-barred. First, Freeman asserts that the union violated its duty of fair representation during the grievance procedure and that his discharge did not become final until the time for judicial review elapsed. Second, plaintiff contends that the union's refusal to file an action to vacate the arbitrator's award was an independent breach of the duty of fair representation. We will address these issues seriatim.

## II.

 Freeman's finality argument can be disposed of quickly. The collective bargaining contract provides that the arbitrator's decision is final. Subject to very limited judicial review, plaintiff is bound by the committee's ruling. *DelCostello*, 103 S.Ct. at 2290. The arbitrator's decision is the final step in the remedies provided by the agreement which an employee is required to exhaust before he or she may bring suit for breach of the contract. *Id.* We have found no precedent, nor has plaintiff provided any, supporting the proposition that an arbitrator's award is not final until the time for judicial review has ex-

pired. The cases implicitly assume, absent contract provisions to the contrary, that an employee's discharge is final when the arbitrator has reached a decision. *See, e.g., DelCostello*, 103 S.Ct. at 2291 n. 16, 2294 (cause of action accrues when grievance committee's decision rendered);[5] *Ernst v. Indiana Bell Telephone Co., Inc.*, 717 F.2d 1036, 1038 (7th Cir.1983) (claim accrued at end of arbitration), certiorari denied, — U.S. —, 104 S.Ct. 707, 79 L.Ed.2d 171; *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 303 (7th Cir.1983) (union's decision not to file grievance has same finality as arbitration award), certiorari denied, — U.S. —, 104 S.Ct. 976, 79 L.Ed.2d 214. *See also Ranieri v. United Transportation Union*, 743 F.2d 598, 601 n. 1 (7th Cir. 1984) (employee conceded that duty of fair representation claim accrued on date of arbitration award). At the time the committee reached its decision, Freeman knew or should have known facts supporting the allegations in his complaint, namely that the union refused or failed to assist plaintiff during the grievance procedure. *Metz*, 715 F.2d at 304. Plaintiff's cause of action concerning the alleged inadequacy of Local 135's assistance during the grievance process accrued when the arbitrator reached a final, binding decision. Suit was not brought on this claim within six months of that date and, consequently, was untimely. *Id.*

## III.

Freeman's second theory presents a more difficult issue, but one which is no more meritorious than his first argument. Plaintiff contends that the union owed him a duty to file suit to vacate the arbitrator's allegedly *ultra vires* award. A number of courts have considered similar arguments.

4. In *DelCostello*, the Supreme Court remanded one of the cases for consideration of a tolling argument. 103 S.Ct. at 2294–95. Freeman does not argue that the statute of limitations should be tolled.

5. In *DelCostello*, the Court stated that it may not be easy to determine when an employee's cause of action accrues. 103 S.Ct. at 2291 n. 16. The Court noted, however, that application of a stat-

ute of limitations "seems straightforward enough when a grievance has run its full course, culminating in a formal award by a neutral arbitrator," *id.*, suggesting that the statute begins running at the time the award is handed down. Moreover, the Court followed this approach in deciding whether petitioners' suits were timely. *Id.* at 2294.

In some of these cases, the courts rejected plaintiffs' assertions that the unions acted arbitrarily or in bad faith[6] and did not discuss the question whether such a duty existed. *See Harris v. Chemical Leaman Tank Lines, Inc.,* 437 F.2d 167, 172 (5th Cir.1971); *Acuff v. United Papermakers,* 404 F.2d 169, 171 n. 4 (5th Cir.1968), certiorari denied, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762; *Capobianco v. Brink's, Inc.,* 543 F.Supp. 971, 976 (E.D.N.Y.1982), *aff'd by unpublished order,* 722 F.2d 727 (2d Cir.1983); *Baker v. R.H. Macy & Co., Inc.,* 519 F.Supp. 657, 662 (E.D.N.Y.1981). Other courts have implied that there is no such duty, *Crusco v. Fisher & Brother, Inc.,* 458 F.Supp. 413, 422 (S.D.N.Y.1978) ("Having submitted the dispute to arbitration before an independent decisionmaker, the union was entitled, if not required, to abide by the award"), that there is a duty, *Local 1902, Allied Service Division v. Safety Cabs, Inc.,* 414 F.Supp. 64, 66 (M.D.Fla. 1976) (union has duty to prosecute grievance over employer's contributions to employees' health and welfare funds through arbitration and to enforce arbitration decision by legal action), or have ignored the issue altogether after it is raised by a discharged employee, *Walden v. Local 71,*

*Int'l Brotherhood of Teamsters,* 468 F.2d 196, 197 (4th Cir.1972).

▪ Only one court has discussed the issue in detail and concluded that a union has no duty to appeal an arbitrator's decision.[7] In *Sear v. Cadillac Automobile Co. of Boston,* 501 F.Supp. 1350, 1360 (D.Mass. 1980), the court ruled that a union's bad faith failure to appeal a fairly conducted arbitration is not a breach of the duty of fair representation. On appeal, the First Circuit affirmed, but on a narrower ground. "While we need not hold, as did the district court, that a union's failure to appeal could *never* breach its representational duty, it is obvious that courts ought to allow such actions, if at all, only in unusual instances where unfairness is blatant." *Sear v. Cadillac Automobile Co. of Boston,* 654 F.2d 4, 7 (1st Cir.1981). We conclude—based on our understanding of the relevant statute, § 301(a) of the Labor-Management Relations Act,[8] and the scope of the duty of fair representation—that on the facts presented here, the union owed Freeman no duty at all when it decided not to appeal the committee's decision.[9]

[5, 6] A union's statutory duty of fair representation is coextensive with its authority under § 9(a) of the National Labor

6. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842. *See also id.* at 191, 87 S.Ct. at 917; *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 568–70, 96 S.Ct. 1048, 1058–59, 47 L.Ed.2d 231.

7. In two of this court's opinions, there have been intimations that a duty of fair representation claim could conceivably be based on a union's failure to appeal an arbitrator's award, *Ranieri v. United Transportation Union,* 743 F.2d 598, 601 n. 1 (7th Cir.1984), or a union's decision not to appeal a district court order overturning an arbitration award, *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781,* 629 F.2d 1204, 1212 (7th Cir.1980), certiorari denied, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324. In neither case, however, did we do anything more than raise the possibility that such a claim might theoretically be stated. We did not decide, or even analyze, the issue.

8. Section 301(a), codified at 29 U.S.C. § 185(a) (1982), provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

9. We note that this case is distinguishable from *Sear,* which involved a fairly conducted arbitration proceeding, defined by the First Circuit as "a proceeding untainted by any union failure to represent its members in good faith." 654 F.2d at 7. Unlike *Sear,* Freeman has alleged that the union breached its duty of fair representation in the grievance-arbitration process. We do not address the issue whether a union owes an employee a duty of fair representation in deciding not to seek judicial review of a *fairly conducted* arbitration proceeding.

Relations Act, 29 U.S.C. § 159(a),[10] to act as the exclusive representative for the members of the collective bargaining unit.[11] *Schneider Moving & Storage Co. v. Robbins,* — U.S. —, 104 S.Ct. 1844, 1851 n. 22, 80 L.Ed.2d 366; *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 46 n. 8, 99 S.Ct. 2121, 2125 n. 8, 60 L.Ed.2d 698; *Kolinske v. Lubbers,* 712 F.2d 471, 481 (D.C.Cir.1983). The scope of the duty of fair representation, however, extends no further. If a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation. *Dycus v. NLRB,* 615 F.2d 820, 827 (9th Cir.1980); *Kuhn v. National Ass'n of Letter Carriers, Branch 5,* 528 F.2d 767, 770 (8th Cir.1976). "[A] union ... can be held to represent employees *unfairly* only in regard to those matters as to which it represents them at all—namely, 'rates of pay, wages, hours ... or other conditions of employment.' " *International Brotherhood of Teamsters, Local No. 310 v. NLRB,* 587 F.2d 1176, 1183 (D.C.Cir.1978) (quoting 29 U.S.C. § 159(a)).

■ When a labor contract provides, as many do, that the processing of employee-employer disputes under the grievance-arbitration procedure is to be handled solely by the union, individual employees are required to follow the contract's commands; they cannot seek redress on their own. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580. Instead, the individual's rights are protected by the union's duty of fair representation. The union is obligated to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 910. If, however, a particular form of redress is not relegated to the exclusive domain of the union, an individual employee is free to seek that avenue. *Republic Steel Corp. v. Maddox,* 379 U.S. at 657–58, 85 S.Ct. at 619, 13 L.Ed.2d 580.

■ In this case, there is nothing in the record to indicate that the collective bargaining agreement gives the union the exclusive right to seek judicial review to vacate an arbitrator's award. Accordingly, Freeman had the right to file suit to set aside the committee's decision as long as he exhausted the contract's grievance procedures and alleged that Local 135 breached its duty of fair representation during the arbitration process. *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781,* 629 F.2d 1204, 1210 (7th Cir.1980), certiorari denied, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324. If Freeman wanted to appeal the award, he was at liberty to do so; having exhausted the remedies provided by the contract, he had individual access to remedies outside of the collective bargaining agreement. *Hines v. Anchor Motor Freight Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231. Once the arbitrator denied plaintiff's grievance, the rationale for the duty of fair representation evaporated; Freeman no longer needed the protections provided by

**10.** Section 9(a) provides:

Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: *Provided,* That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: *Provided further,* That the bargaining representative has been given opportunity to be present at such adjustment.

29 U.S.C. § 159(a) (1982).

**11.** The reason for implying a duty of fair representation is to provide a "bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Vaca v. Sipes,* 386 U.S. at 182, 87 S.Ct. at 912. *See also DelCostello,* 103 S.Ct. at 2290 n. 14.

the duty of fair representation because he had access to extra-contractual remedies. That being the case, the union owed plaintiff no duty in deciding whether to seek judicial review of the committee's ruling because, with respect to that decision, it was not acting as his exclusive representative. The union was under no duty to provide Freeman with more legal assistance than bargained for in the contract or required by law.[12]

In addition, a decision for plaintiff—ruling that Local 135 may have breached its duty of fair representation by not appealing the arbitrator's decision—would be inconsistent with the policies underlying federal labor law. Such a holding would probably encourage more employees' fair representation actions against unions and more suits seeking judicial review of arbitrators' awards. The result would undermine the presumption of finality that is accorded arbitrators' decisions, *see W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298; *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. at 562–63, 96 S.Ct. at 1055, "preclude the relatively rapid final resolution of labor disputes favored by federal law," *DelCostello*, 103 S.Ct. at 2292, and perhaps weaken reliance on the arbitration process by employers and unions. "[T]he advantages of grievance arbitration—the informal, speedy, inexpensive *nonjudicial* settlement of disputes"—might be eroded. *Sear*

*v. Cadillac Automobile Co. v. Boston*, 654 F.2d 4, 7 (1st Cir.1981). Moreover, to the extent that the time for seeking judicial review of arbitrators' awards varies from state to state, there would be a lack of uniformity as to when an employee's cause of action accrues. *See DelCostello*, 103 S.Ct. at 2294, *quoting United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 70, 101 S.Ct. 1559, 1568, 67 L.Ed.2d 732 (Stewart, J., concurring).

The union had no obligation to appeal the arbitrator's award. Whatever claim Freeman had against Local 135 with respect to the duty of fair representation accrued on September 1, 1981. This suit, therefore, is untimely and must be dismissed.

### IV.

 The district court's order dismissing plaintiff's complaint for failure to file within the statute of limitations is affirmed.[13]

---

12. *See* 29 U.S.C. § 185(a) (providing for suits for *violation* of collective bargaining *contracts*), *supra* note 8; *Sear v. Cadillac Automobile Co. of Boston*, 501 F.Supp. 1350, 1359 (D.Mass.1980) ("The parties are entitled to no lesser, but no greater remedy than they bargained for"), *aff'd*, 654 F.2d 4 (1st Cir.1981); *Hawkins v. Babcock & Wilcox, Co.*, 24 FEP Cases 794, 796 (N.D.Ohio 1980); *Lacy v. Auto Workers, Local 287*, 102 LRRM 2847, 2850 (S.D.Ind.1979). See also cases holding that a union is under no legal obligation to file suit to challenge the validity of state laws regulating the employment of women. *E.g., Roberts v. Western Airlines*, 425 F.Supp. 416, 430–31 (N.D.Cal.1976); *Ridinger v. General Motors Corp.*, 325 F.Supp. 1089, 1099 (S.D.Ohio 1971), *rev'd on other grounds*, 474 F.2d 949 (6th Cir.1972); *Rosenfeld v. Southern Pacific Co.*, 293 F.Supp. 1219, 1229 (C.D.Cal. 1968), *aff'd*, 444 F.2d 1219 (9th Cir.1971).

13. There is no basis for the union's request that this court impose attorneys' fees and costs against Freeman, pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1927, for filing a frivolous appeal. As we stated at the outset, this case presents an issue not decided previously in this circuit. Although it is true that plaintiff cited no cases in support of his contention that the union had a duty to appeal the grievance committee's decision, his position on the issue is not unreasonable. Moreover, there is no indication of subjective bad faith on the part of plaintiff's attorney. *See Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1006 (7th Cir.1984); *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1146 (7th Cir.1984); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163–64 (7th Cir.1983); *Reid v. United States*, 715 F.2d 1148, 1154–55 (7th Cir.1983).