CHERYL R. SVOBODA *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES *et al.*, Defendants-Appellees.

Second District   No. 2—86—1164

Opinion filed November 4, 1987.

Tyler G. Neptune, Jr., of Boylan & Neptune, of Geneva, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This is an action brought under the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, pars. 101 through 123) by plaintiffs, Cheryl R. Svoboda and Peggy R. Morgan, to vacate a labor arbitrator's decision discharging plaintiffs from their positions with defendant, the Illinois Department of Mental Health and Developmental Disabilities. On defendants' motion, the trial court dismissed the complaint for lack of standing. Plaintiffs timely appealed. We reverse.

On September 9, 1985, plaintiffs were discharged from their positions with defendant, the Illinois Department of Mental Health and Developmental Disabilities. The American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), the exclusive representative of the bargaining unit of which plaintiffs were members, requested an arbitration proceeding pursuant to the arbitration provisions of the collective bargaining agreement between AFSCME and defendant, the Illinois Department of Central Management Services. After a hearing before an arbitrator, an arbitration award was issued denying plaintiffs relief. Thereafter, plaintiffs filed in the circuit court a complaint to vacate the arbitrator's decision. On defendants' motion, the trial court dismissed the complaint on the ground that plaintiffs lacked standing.

Both plaintiffs and defendants agree that this case is controlled by the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48,

pars. 1601 through 1627) and the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, pars. 101 through 123). The Illinois Public Labor Relations Act provides that it is subject to the Illinois Uniform Arbitration Act. Ill. Rev. Stat. 1985, ch. 48, par. 1608.

■ Ordinarily, in determining whether a party has standing, the primary focus is whether the party seeking adjudication has a personal stake in the outcome of the controversy. (*Wolinsky v. Kadison* (1983), 114 Ill. App. 3d 527, 530; *Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253.) The requirement of standing is not meant to preclude a valid controversy from being litigated, rather, it is to preclude persons having no interest in the controversy from bringing suit. (*Wolinsky*, 114 Ill. App. 3d at 530.) In the present case, plaintiffs have a definite interest in the outcome of the controversy—their jobs. Thus, at the outset we presume that plaintiffs have standing.

■ Defendants, however, contend plaintiffs do not have standing because section 16 of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1616) limits actions seeking to vacate an arbitrator's award to "parties" to a collective bargaining agreement. Defendant thus argues that the term "parties" does not include plaintiffs, but rather is limited to bargaining representatives and employers. We reject this argument. Section 16 states:

"Exhaustion of nonjudicial remedies. After the exhaustion of any arbitration mandated by this Act or any procedures mandated by a collective bargaining agreement, suits for violation of agreements *** between a public employer and a labor organization representing public employees may be brought by the parties to such agreement in the circuit court in the county in which the public employer transacts business or has its principal office." (Ill. Rev. Stat. 1985, ch. 48, par. 1616.)

Thus, on its face section 16 allows at least the union and the employer to petition a circuit court to vacate an arbitrator's award. However, we do not believe that section 16 limits such a procedure to only unions and employers. Statutory provisions cannot be read alone; rather, statutes must be read as a whole. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135.) Looking to the rest of the statute, section 1606(b) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1606(b)) clearly allows an individual employee to bring a grievance on his own without aid of his union. Section 6(b) provides:

"Nothing in this Act prevents an employee from presenting a grievance to the employer and having the grievance heard and settled without the intervention of an employee organization; provided that the exclusive bargaining representative is af-

forded the opportunity to be present at such conference and that any settlement made shall not be inconsistent with the terms of any agreement in effect between the employer and the exclusive bargaining representative." Ill. Rev. Stat. 1985, ch. 48, par. 1606(b).

■ We are convinced that it was not the legislature's intent to allow suits to vacate an arbitrator's award to be brought by unions which have instituted grievance procedures on behalf of their members, but not suits by members who have brought grievance procedures on behalf of themselves. Thus, it is our opinion that the Illinois Public Labor Relations Act allows an individual employee to bring a grievance, compel arbitration, receive an award, and seek to vacate the award in a circuit court. Consequently, the language of section 16 of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1616) does not prevent plaintiffs from having standing in the present action.

Defendants, nonetheless, contend that Federal case law interpreting the Labor Management Relations Act of 1947 (29 U.S.C. §§ 141 through 197 (1982)) is persuasive in leading to the conclusion that plaintiffs do not have standing. We disagree. Rather than supporting defendant's contention, Federal cases interpreting the Labor Management Relations Act indicate that individual employees do have standing to bring suit to vacate an arbitrator's award. The cases do, however, also indicate that when seeking to vacate an arbitrator's award, employees must allege and prove that in earlier proceedings the bargaining unit breached its duty of fair representation to the employee.

In *Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903, the Supreme Court addressed the issue of whether an employee was limited to the remedies provided for in a collective bargaining agreement. In holding that an employee was not so limited, the Court stated:

> "We think that another situation when the employee may seek judicial enforcement of his contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. * * *
>
> For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bar-

gaining agent breached its duty of fair representation in its handling of the employee's grievance." (Emphasis in original.) 386 U.S. 171, 185-86, 17 L. Ed. 2d 842, 855, 87 S. Ct. 903, 914.

In another case interpreting the Labor Management Relations Act, the Court held that a union's breach of past representation relieves an individual employee of a contractual provision that arbitration is "final and binding." *Hines v. Anchor Motor Freight, Inc.* (1976) 424 U.S. 554, 571, 47 L. Ed. 2d 231, 245, 96 S. Ct. 1048, 1059.

In *Freeman v. Local Union No. 135 Chauffeurs, Teamsters, Warehousemen & Helpers* (7th Cir. 1984), 746 F.2d 1316, the court was faced with the issue of whether plaintiff's union owed a duty to plaintiff to file suit to vacate an arbitrator's award. The court held that under section 301(a) of the Labor Management Relations Act (29 U.S.C. §185(a) (1982)) the union had no duty to seek a vacation of the arbitration award. (746 F.2d at 1322.) The court reasoned that if a particular form of redress is not relegated to the exclusive domain of the union, an individual is free to seek that avenue of redress. (746 F.2d at 1321.) The court stated:

"In this case, there is nothing in the record to indicate that the collective bargaining agreement gives the union the exclusive right to seek judicial review to vacate an arbitrator's award. Accordingly, Freeman had the right to file suit to set aside the committee's decision as long as he exhausted the contract's grievance procedures and alleged that [the union] breached its duty of fair representation during the arbitration process. [Citation.] If Freeman wanted to appeal the award, he was at liberty to do so; having exhausted the remedies provided by the contract, he had individual access to remedies outside of the collective bargaining agreement." *Freeman v. Local Union No. 135 Chauffeurs, Teamsters, Warehousemen & Helpers* (7th Cir. 1984), 746 F.2d 1316, 1321.

In *F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781* (7th Cir. 1980), 629 F. 2d 1204, 1210, *cert. denied* (1981), 451 U.S. 937, 68 L. Ed. 2d 324, 101 S. Ct. 2016, the court held that union members could intervene to appeal where the union had successfully represented them through arbitration and unsuccessfully represented them in district court on a motion by the employer to vacate the arbitration award. The court found that the members were not opposing the union because they were not trying to have the arbitration award vacated but rather seeking to have it reinstated. (629 F.2d at 1210.) "The fact that an employee could not demand arbitration under the contract does not determine whether he can inter-

vene in an action brought by the employer in a court of law to vacate the award." *F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781* (7th Cir. 1980), 629 F. 2d 1204, 1211.

In *Anderson v. Norfolk & Western Ry. Co.* (7th Cir. 1985), 773 F.2d 880, an action arose out of Norfolk and Western Railway Company's (N & W's) acquisition of the Illinois Terminal and Railway Company. In approving the merger, the Interstate Commerce Commission required N & W to negotiate with the labor union representing its employees to reach an agreement governing the use and assignment of employees affected by the merger. When the two parties could not reach agreement through negotiation, N & W invoked arbitration. Eventually, the two parties submitted a proposed agreement to the arbitrator which was approved by the arbitrator as his final award. Plaintiffs, who were employees of N & W, then brought suit in district court seeking to vacate the arbitrator's award. On appeal, the United States Court of Appeals for the Seventh Circuit was of the opinion that the plaintiffs did not have standing to bring the suit because they were represented by the union during the arbitration and did not allege that the union had breached its duty of fair representation. 773 F.2d at 882.

■ The above cases thus indicate that Federal courts have recognized that individual employees have standing to bring a suit to vacate an arbitrator's award. Yet, at the same time, the above cases also indicate that Federal decisions have placed upon employees the requirement of alleging and proving that the union did not fairly represent the employee at earlier stages. We agree with the Federal courts in recognizing that an individual has standing to bring suit to vacate an arbitrator's award, but we decline to encumber such right with the burden of alleging and proving that the union did not adequately represent the employee at earlier stages. In this regard, we first note that the Supreme Court has not addressed the same factual situation that we now decide. In *Vaca*, the Court was presented with an individual who had not exhausted the contractual grievance procedures, and, in *Hines*, the Court was presented with the issue of the effect of the term "final and binding." In the present case, plaintiffs need not allege that the union breached its duty of fair representation in order that they may get around a defense that they did not exhaust the contractual grievance procedures (see *Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903), because, in the present case, plaintiffs did exhaust their contractual grievance procedures. And, in the present case, AFSCME, unlike the union in *Vaca*, is not vested with the sole power to invoke the higher stages of the griev-

ance procedure, as section 6(b) clearly gives employees the right to institute grievance procedures on their own. Ill. Rev. Stat. 1985, ch. 48, par. 1606(b).

And, while the collective bargaining agreement in the present case provides that "the decision and award of the arbitrator shall be final and binding," we are of the opinion that under the Illinois Public Labor Relations Act such a provision in the agreement does not require plaintiffs to allege that the union breached its duty in order that they may have standing. The term "final and binding," in addition to being found in the agreement, is also found in section 8 of the Illinois Public Labor Relations Act, which provides:

> "The collective bargaining agreement negotiated between the employer and the exclusive representative shall contain a grievance resolution procedure which shall apply to all employees in the bargaining unit and shall provide for *final and binding* arbitration of disputes concerning the administration or interpretation of the agreement unless mutually agreed otherwise." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 1608).)

When reading this portion of section 8 in conjunction with the remainder of section 8 and section 16 it becomes clear that the term "final and binding" does not preclude standing to petition to vacate an arbitrator's award. Section 8 further provides that the Illinois Public Labor Relations Act is subject to the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 48, par. 1608), which in turn provides a procedure for vacating an arbitrator's award (Ill. Rev. Stat. 1985, ch. 10, par. 112). Similarly, section 16 of the Illinois Public Labor Relations Act provides that "[a]fter the exhaustion of any arbitration mandated by this Act or any procedures mandated by a collective bargaining agreement, suits for violation of agreements *** between a public employer and a labor organization representing public employees may be brought by the parties to such agreement in the circuit court." (Ill. Rev. Stat. 1985, ch. 48, par. 1616.) Thus, both sections 8 and 16 provide for vacating an arbitrator's award. Hence, both section 16 and the language in section 8 which subjects the Illinois Public Labor Relations Act to the Uniform Arbitration Act would be surplusage if the term "final and binding" precluded a party from having standing to vacate an arbitration award. Consequently, we are led to the conclusion that neither in the contract nor in the statute does the term "final and binding" preclude a party from having standing to bring a suit to vacate an arbitration award.

Moreover, we are convinced that a requirement of alleging and proving that the union did not fairly represent the individual in prior

proceedings is without justification. Many cases may arise where the union gives fair and adequate representation during the arbitration proceedings but declines to represent the individual in a petition for vacating the arbitration award. See *Vaca v. Sipes* (1967), 386 U.S. 171, 205, 17 L. Ed. 2d 842, 866, 87 S. Ct. 903, 924 (Black, J., dissenting).

Finally, the interests of the individual are best served by allowing the employee the freedom to both work with the union and to represent him or herself when the union declines to do so. We do not feel that an employee should be deprived of an opportunity to petition a circuit court to vacate an arbitration award solely because he or she sought to work with his or her union in the first instance, and the union declined to further prosecute the action after the arbitration award. As pointed out in *Freeman v. Local Union No. 135 Chauffeurs, Teamsters, Warehousemen & Helpers* (7th Cir. 1984), 746 F.2d 1316, 1322, the union at this stage is not under the same obligation that it is to bring the grievance in the first place. Thus, to hold that an individual employee has no standing to seek vacation of an arbitration award when the employee was represented by his or her union at the outset would have the effect of dissuading an employee from working with the union at the initiation of grievance proceedings.

Finally, the ability to protect one's employment is particularly personal to the employee herself. While we are mindful that it is often the case that the individual employee must give up certain rights to make a union viable, we do not believe that giving up one's ability to protect his or her job is one such right that can or should be given up.

Defendants contend that even if plaintiffs have standing, the complaint should be dismissed because the arbitrator's award was correct and amply supported by the evidence. We decline to address this issue since it has not yet been considered by the trial court.

For the foregoing reasons, the ruling of the trial court is reversed.

Reversed.

HOPF and WOODWARD, JJ., concur.