Docket No. 84104–Agenda 24–May 1998.

JOSEPH STAHULAK, Appellant, v. THE CITY OF CHICAGO 
 et al
., Appellees.

JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether a union employee covered by a collective-bargaining agreement has standing to challenge an arbitration award in circuit court absent allegations that the union breached its duty of fair representation. The appellate court held that the employee had no such standing. It therefore reversed the circuit court's judgment in favor of the employee and remanded with directions to dismiss the employee's complaint. 291 Ill. App. 3d 824. We allowed the employee's petition for leave to appeal (166 Ill. 2d R. 315) and now affirm.

The pertinent facts are these. The City of Chicago (City) hired Joseph Stahulak as a firefighter in December 1990. The City and the Chicago Firefighters Union, Local No. 2, International Association of Firefighters, AFL-CIO-CIC (Union), are parties to a collective-bargaining agreement which governs the terms and conditions of employment of City firefighters. Under the agreement, firefighters are subject to a one-year probationary period.

 On November 16, 1991, prior to completing his probationary period, Stahulak was discharged for violating the City residency requirement. The Union filed a grievance on his behalf and on behalf of two other employees, arguing that the City violated section 16.2 of the collective-bargaining agreement, which requires the City to follow certain procedures before terminating an employee.

 The grievance proceeded to arbitration. In an award issued January 28, 1993, the arbitrator found that the protections of section 16.2 applied to probationary employees. The arbitrator therefore sustained the grievance; however, he did not grant the subject employees unconditional reinstatement. He merely reinstated them to probationary status for the purpose of making the safeguards of section 16.2 available to them pending a final decision of the Chicago fire department.

 After returning to probationary status, Stahulak was placed on paid administrative leave. He was ultimately discharged on March 29, 1993, based, again, on his violation of the residency requirement. Stahulak then filed a two-count complaint in circuit court of Cook County against the City; the Chicago fire department; Raymond E. Orozco, fire commissioner of the City of Chicago; and the Union. Count I asked the court to vacate the arbitration award, alleging that the arbitrator exceeded his powers in fashioning the remedy in this case. Count II asserted a cause of action for a common law writ of 
certiorari
, but merely repeated the same allegations challenging the arbitration award in Count I.

 Pretrial proceedings ensued and the parties eventually filed cross-motions for summary judgment. The circuit court granted summary judgment in favor of Stahulak, setting aside the arbitrator's award and remanding the matter for arbitration with a finding that Stahulak had been an employee for over one year.

The appellate court reversed and remanded with instructions to dismiss Stahulak's complaint. 291 Ill. App. 3d 824. It noted that under section 16 of the Illinois Public Labor Relations Act (5 ILCS 315/16 (West 1996)) and the Illinois Uniform Arbitration Act (710 ILCS 5/12 (West 1996)), proceedings to vacate an arbitration award entered pursuant to a collective-bargaining agreement must be brought by the parties to the agreement. 291 Ill. App. 3d at 829. In this case, the City and the Union are parties to the agreement, but Stahulak as an individual is not. The appellate court reasoned that an individual employee is not entitled to judicial review of a grievance proceeding or arbitration unless the employee can show that his union's conduct in processing the grievance was arbitrary, discriminatory, or in bad faith. 291 Ill. App. 3d at 832. Here, Stahulak made no allegations that the Union breached its duty of fair representation. Therefore, the court concluded that Stahulak lacked standing to bring a suit to overturn the arbitration award in this case.

Before this court, Stahulak contends that he has standing to challenge the arbitration award in circuit court without the burden of proving that the Union breached its duty of fair representation in the underlying proceeding. According to Stahulak, the Illinois Public Labor Relations Act (5 ILCS 315/1 
et seq
. (West 1996)) allows an individual employee to bring a grievance, compel arbitration, receive an award, and seek to vacate the award in circuit court.

 The City and the other defendants disagree. They argue that Stahulak lacked standing to bring this suit based on sections 8 and 16 of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/8, 16 (West 1996)). This argument is well taken. Section 16 of the Act provides:

“After the exhaustion of any arbitration mandated by this Act or any procedures mandated by a collective bargaining agreement, suits for violation of agreements *** between a public employer and a labor organization representing public employees may be brought by the parties to such agreement in the circuit court in the county in which the public employer transacts business or has its principal office.” 5 ILCS 315/16 (West 1996).

Under the plain language of this statute, only the parties to a collective-bargaining agreement may attack an arbitration award in circuit court. Section 8 of the Act further specifies that “[t]he grievance and arbitration provisions of any collective bargaining agreement shall be subject to the Illinois 'Uniform Arbitration Act.' ” 5 ILCS 315/8 (West 1996). The Uniform Arbitration Act, in turn, provides that: “[u]pon application of a party” a court shall consider vacating an arbitration award. 710 ILCS 5/12(a) (West 1996). Therefore, as under the Act, the Uniform Arbitration Act requires arbitration awards to be challenged in court by the parties to the collective-bargaining agreement.

Based on the foregoing provisions, we agree that because Stahulak is not a party to the agreement, he lacks standing to bring the suit at issue here. The principle that individual employees represented by a union cannot bring a suit to overturn the outcome of a grievance procedure or arbitration is further supported by Illinois case law. See 
Mahoney v. City of Chicago
, 293 Ill. App. 3d 69, 73-74 (1997), 
Parks v. City of Evanston
, 139 Ill. App. 3d 649, 652 (1985), 
Consentino v. Price
, 136 Ill. App. 3d 490, 495 (1985). These cases hold that an individual union member is entitled to judicial review of grievance procedures or arbitration, only if the individual proves that the union's conduct in processing the grievance was arbitrary, discriminatory, or in bad faith. 
Parks
, 139 Ill. App. 3d at 652, 
Consentino
, 136 Ill. App. 3d at 495.

Stahulak makes no allegations that his union breached its duty of fair representation in the underlying proceedings. Yet, he contends that he still had standing to attack the arbitration award in this case, claiming that it is not necessary to make such allegations against a union. Stahulak urges this court to follow 
Svoboda v. Department of Mental Health & Developmental Disabilities
, 162 Ill. App. 3d 366 (1987), which held that individual employees have standing to bring suit to vacate an arbitrator's award and are not required to allege and prove that the union did not adequately represent them at earlier stages.

In reaching its holding, the court in 
Svoboda
 relied on section 6(b) of the Act, which provides that:

“Nothing in this Act prevents an employee from presenting a grievance to the employer and having the grievance heard and settled without the intervention of an employee organization; provided that the exclusive bargaining representative is afforded the opportunity to be present at such conference and that any settlement made shall not be inconsistent with the terms of any agreement in effect between the employer and the exclusive bargaining representative.” 5 ILCS 315/6(b) (West 1996).

The court reasoned that section 6(b) clearly allows an individual employee to bring a grievance on his own without the aid of his union and that this section should be read in conjunction with section 16. 
Svoboda
, 162 Ill. App. 3d at 368. After reading these sections together, the court in 
Svoboda
 was convinced that “it was not the legislature's intent to allow suits to vacate an arbitrator's award to be brought by unions which have instituted grievance procedures on behalf of their members, but not suits by members who have brought grievance procedures on behalf of themselves.” 
Svoboda
, 162 Ill. App. 3d at 369.

We decline to follow 
Svoboda
 because we disagree with the court's interpretation of section 6(b). Under our reading of section 6(b), that section is limited to allowing an employee to present a grievance to an employer at the initial stage of the grievance process, and to settle the grievance at a conference at which the union has an opportunity to be present. We find nothing in section 6(b) which allows an employee to pursue a grievance through the entire dispute resolution procedure, including arbitration and the filing of a suit to challenge an arbitration award, when an employee's union has chosen not to do so.

This construction of the statute underlies the collective-bargaining agreement involved in this case. Under that agreement, which establishes a three-tier grievance procedure, only the Union can invoke the higher stages of the grievance process. According to section 10.2 of the agreement, an individual employee or the Union may initiate the first step, which involves taking up the grievance with the employer's authorized representative. The two subsequent steps, which include appealing the grievance to the fire commissioner and then invoking arbitration, are to be initiated by the Union in its capacity as a party to the collective-bargaining agreement.

Our construction of section 6(b) is further supported by federal precedent. Section 159(a) of the Labor Management Relations Act (LMRA) is virtually identical to section 6(b). It states that the designated union shall be the exclusive bargaining representative of the employees provided:

“That any individual employee or group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: 
Provided further
, That the bargaining representative has been given an opportunity to be present at such an adjustment.” (Emphasis in original.) 29 U.S.C. §159(a) (1994).

Like section 6(b), this provision of the LMRA grants individual employees the right to present a grievance to their employers and resolve such a grievance without taking any formal steps against the employer. The federal courts have recognized, however, that once the union and employer invoke arbitration, only these parties have standing to challenge an award. 
Shores v. Peabody Coal Co.
, 831 F.2d 1382, 1383 (7th Cir. 1987). Individual employees represented by a union lack standing to seek judicial review of a grievance procedure unless they prove that their union breached its duty of fair representation. 
Shores v. Peabody Coal Co.
, 831 F.2d 1382, 1383-84 (7th Cir. 1987); 
Anderson v. Norfolk & Western Ry. Co.
, 773 F.2d 880, 881-82 (7th Cir. 1985); see 
Vaca v. Sipes
, 386 U.S. 171, 185-86, 17 L. Ed. 2d 842, 855, 87 S. Ct. 903, 914 (1967). Our interpretation of section 6(b) is therefore consistent with the federal court's interpretation of the virtually identical provision in the LMRA.

Finally, Stahulak contends that he should not be deprived of the opportunity to petition the circuit court to overturn the arbitration award merely because he worked with the union in the first instance. Relying on 
Svoboda
, Stahulak argues that he should not have to give up the ability to protect his employment when he chooses to be represented by a union and the union declines to further prosecute an action after the arbitration award. 
Svoboda
, 162 Ill. App. 3d at 373. He cites to the court's reasoning in 
Svoboda
 that such an outcome “would have the effect of dissuading an employee from working with the union at the initiation of grievance proceedings.” 
Svoboda
, 162 Ill. App. 3d at 373.

 As the appellate court pointed out in this case, Stahulak's assertions overlook the fact that the collective-bargaining agreement negotiated between his union and the City serves as the basis for his claim that he was improperly discharged. Stahulak did not give up the ability to protect his employment by joining a union. Instead, the specific procedures for terminating an employee outlined in section 16.2 of the agreement provided Stahulak with the grounds to challenge his termination. Without these protections contained in the agreement, Stahulak has no judicially enforceable right to protect his job.

 The general purpose of collective bargaining is to enable employees to pool their economic strength by joining together in a union to improve conditions of employment as a collective group. 
Garcia v. Zenith Electronics Corp.
, 58 F.3d 1171, 1175 (7th Cir. 1995). In exchange for the benefits provided by the collective-bargaining agreement, Stahulak gave up his individual right to bargain with the City. We agree with the Supreme Court's reasoning when it addressed this issue in 
Vaca v. Sipes
, 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903 (1967). In 
Vaca
, the Supreme Court held that if individual union members could challenge their union's resolution of a grievance,

“the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiations.” 
Vaca v. Sipes
, 386 U.S. at 191, 17 L. Ed. 2d at 858, 87 S. Ct. at 917.

 Therefore, we hold that individual employees represented by a union should only be allowed to seek judicial review of an arbitration award if they can show that their union breached its duty of fair representation. Because Stahulak made no such allegations, he lacked standing to bring a suit to overturn the arbitration award in this case.

The standing issue is dispositive of this appeal. There is no need to address the merits of the underlying labor dispute. For the foregoing reasons, the judgment of the appellate court is affirmed.

Affirmed
.