2020 IL App (2d) 200117-U
No. 2-20-0117
Order filed June 23, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| POLICEMEN'S BENEVOLENT LABOR COMMITTEE, LOCAL 501, | ) Appeal from the Circuit Court ) of Du Page County. |
| Plaintiff-Appellant, | ) ) ) |
| v. | ) No. 16-CH-108 ) |
| THE COUNTY OF DU PAGE, SHERIFF JOHN ZARUBA, DANIEL CRONIN, and DU PAGE COUNTY BOARD, | ) ) THE ) ) |
| Defendants-Appellants | ) ) |
| (Dan Calabrese, Veronica Caunca, Rick Feeney, Phil Heck, LaTosha Henderson, Michael Ireland, Amy Jovanovich, John Kaldis, Bernard Moe, Shaun Murray, Sandra Neuberg, James Nolan, Thomas Repa, Joseph Rodriguez, Mark Solomon, Steven Stutts, Chris VanHoose, Mark Young, and James Zeigler, Petitioners-Appellees). | ) ) ) ) ) ) ) Honorable ) James F. McCluskey, ) Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated the orders of the trial court allowing petitioners to intervene and sending the matter to arbitration where the trial court did not have

subject matter jurisdiction to determine the adequacy of the union's representation of petitioners.

¶ 2 On November 27, 2018, the trial court granted petitioners', Dan Calabrese, Veronica Caunca, Rick Feeney, Phil Heck, LaTosha Henderson, Michael Ireland, Amy Jovanovich, John Kaldis, Bernard Moe, Shaun Murray, Sandra Neuberg, James Nolan, Thomas Repa, Joseph Rodriguez, Mark Solomon, Steven Stutts, Chris VanHoose, Mark Young, and James Zeigler, petition to vacate the order dismissing the case. On January 10, 2020, the court entered an order compelling arbitration between plaintiff, Policeman's Benevolent Labor Committee, Local 501 and defendants, the County of Du Page, Sheriff John Zaruba, Daniel Cronin, and the Du Page County Board. Defendants appealed the arbitration order and plaintiffs joined in that appeal, with both parties asserting that the trial court erred in sending the case to arbitration. For the following reasons, we vacate the orders of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4 Either in December 2014 (according to defendants) or in March 2015 (according to plaintiff), plaintiff and defendants entered into a collective bargaining (Agreement), which ran from March 26, 2012, through November 30, 2015, and provided for automatic renewals. The Agreement contained a wage scale that effectively increased the wages of plaintiff's members retroactive to March 2012. In April 2015, plaintiff filed a grievance with defendants seeking retroactive pay for certain individuals, including petitioners, who were members and employees during the effective period, but were no longer members and employees at the time the Agreement was ratified. Defendants refused to respond to the substance of the grievance, contending that the former members and employees were not covered by the Agreement.

¶ 5 On January 26, 2016, plaintiff filed a complaint seeking to force arbitration on the grievance. On April 22, 2016, the trial court, Judge Bonnie M. Wheaton presiding, granted

defendants' motion to dismiss the complaint. On December 20, 2016, we determined that it was the function of the arbitrator to decide whether the case was arbitrable, and remanded the cause with instructions to refer it to the arbitrator. *Policemen's Benevolent Labor Committee, Local 501 v. County of Du Page*, 2016 IL App (2d) 160373-U, ¶¶ 25-26 (*Policemen's I*).

¶ 6   The parties entered into a settlement agreement before the matter was sent to arbitration.  On April 25, 2017, the trial court dismissed the case, noting that the parties had "resolved this matter along with the underlying grievances."

¶ 7  On April 25, 2018, petitioners filed a petition to vacate the order dismissing the case under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). The petition alleged that the "agreed resolution" between plaintiff and defendants granted retroactive pay to certain members and employees but excluded petitioners, who received no retroactive compensation. The petition further alleged that petitioners were not notified of the proposed resolution and that they were excluded from the vote approving the agreed resolution. According to petitioners, the court would not have entered its order of dismissal based on the agreed resolution had it known these facts at the time of its dismissal.

¶ 8   Defendants responded that plaintiff was the sole and exclusive bargaining representative   in this matter, and that the individual petitioners had no standing to advance a grievance or bring the section 2-1401 petition.

¶ 9 Petitioners replied that the section 2-1401 petition should be granted because (1) they were the "true parties in interest," (2) their interests were not represented by plaintiff, and (3) they had a right to intervene when their interests were not adequately represented.

¶ 10 On November 27, 2018, the trial court, Judge James F. McCluskey presiding,[1] granted the section 2-1401 petition and vacated the April 25, 2017, order of dismissal, noting that petitioners acted with due diligence in seeking resolution of their meritorious claims. The court further noted that petitioners "have a right to intervene" because it found that representation by plaintiff was inadequate to protect petitioners' interest in the settlement agreement based on the fact that petitioners were not notified of the agreement. Thus, the trial court ordered that petitioners could join in the settlement and/or participate in the arbitration mandated by the appellate court.

¶ 11 Petitioners then issued a series of subpoenas seeking documents from plaintiff and its parent organization. On May 6, 2019, plaintiff moved to dismiss petitioners' claims for lack of subject matter jurisdiction, arguing that the Agreement only permitted the union, not individual employees, to compel arbitration. To the extent that petitioners were arguing that their interests were not fairly represented by the union, plaintiff asserted that the Illinois Labor Relations Board (Board) has exclusive jurisdiction to determine whether a union breached its duty of fair representation. Therefore, plaintiff argued that the trial court should dismiss the section 2-1401 petition because it did not have subject matter jurisdiction to determine that petitioners' interests were not fairly represented by plaintiff, which was the basis of its November 2018 order that granted the section 2-1401 petition.

¶ 12 On August 19, 2019, the trial court denied plaintiff's motion to dismiss. On January 10, 2020, after it became clear that a settlement agreement was not forthcoming, the court stated that it was compelled to comply with the mandate of the appellate court and order the case to

_____

[1] On July 26, 2018, Judge Wheaton recused herself "for reasons stated on record," but a transcript of that proceeding is not included with this record.

arbitration. Defendants timely appealed the January 10 order pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), and plaintiff timely joined the appeal.

¶ 13                                    II. ANALYSIS

¶ 14 Defendants assert that petitioners lacked standing to litigate their claims before the trial court. Defendants argue that petitioners could seek judicial review of this matter only if they first demonstrated that plaintiff breached its duty of fair representation, and such a determination is the exclusive jurisdiction of the Board. Defendants emphasize that petitioners made no claim of a breach of fair representation before the Board, and, therefore, had no standing to litigate their claims before the court.

¶ 15 Plaintiff likewise asserts that the Board has exclusive jurisdiction to consider whether a union adequately represented its members. According to plaintiff, the Board's exclusive jurisdiction deprived the trial court of subject matter jurisdiction to reach a finding on the question of adequate representation, which was the basis of its granting the section 2-1401 petition to vacate.

¶ 16 Petitioners respond that plaintiff and defendant are improperly attempting to argue that the trial court erred in granting the section 2-1401 petition and in denying defendants' motion to dismiss, because those rulings "were not appealed in a timely fashion." Petitioners' position is that the only question on review is whether the trial court abused its discretion by ordering the cause to arbitration, which they argue is settled in favor of petitioners by the "law of the case doctrine" based on our order in *Policemen's I*. Moreover, petitioners argue that they clearly had standing because plaintiff did not represent their interests and the "facts of this case take it outside the Labor act [*sic*]."

¶ 17                                 A. Issue on Appeal

¶ 18 The amended notice of appeal filed by defendants, as well as plaintiff's notice that it was joining the appeal, challenged the order of January 10, 2020, which sent the matter to arbitration. At the hearing that preceded the January 10 order, the court heard arguments on whether the case should be sent to arbitration. Plaintiff argued that if petitioners thought they had not been adequately represented, their remedy was to file an unfair labor practice claim with the Board, and that they failed to do so. Defendants argued that it was not in the court's purview to determine whether the union treated the petitioners fairly, and that the petitioners were required to make that argument before the "proper venue," which was the Board. Petitioners countered that once litigation had commenced, plaintiff had an obligation to ensure that every member of the union received his or her pay according to the terms of the Agreement, and that petitioners were at least entitled to notice of the settlement agreement.

¶ 19 Petitioners note in their brief that neither plaintiff nor defendants took interlocutory appeals from the trial court's orders that granted the section 2-1401 petition and denied plaintiff's motion to dismiss. Petitioners conclude that the court made findings that they had a right to intervene, and that these findings were not timely appealed. Petitioners are incorrect. Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017) confers upon parties the option to appeal certain interlocutory orders before a final judgment is entered. An appeal under Rule 307 is not required, but rather is permissive in nature. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11-12 (2001). Therefore, the fact that no interlocutory appeals were taken from the court's previous orders is of no consequence in this appeal. The issue before this court is what was before the trial court when it entered its January 10 order. Plaintiff and defendants both argued that the trial court did not have authority to consider the adequacy of the union's representation of petitioners. Petitioners disputed these assertions. Thus, we conclude that the issue of inadequate representation was before the court on

January 10, 2020, and we will consider the court's finding in that regard as part of this appeal. Moreover, as explained below, the trial court lacked subject matter jurisdiction of petitioners' claims, so all orders that the court entered with respect to petitioners' section 2-1401 petition were void.

¶ 20                                    B. Subject Matter Jurisdiction

¶ 21 Subject matter jurisdiction refers to the general class of cases to which a court has the power to hear and decide. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). If a court lacks subject matter jurisdiction, any order entered in the matter is *void ab initio*, and may be attacked at any time. *In re M.W.*, 232 Ill. 2d at 414. Whether a court had subject matter jurisdiction to review a claim is a question of law that we review *de novo*. *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 16.

¶ 22 The Agreement negotiated between plaintiff and defendants forms the basis of petitioners' claims that they are entitled to retroactive pay. Absent the Agreement, petitioners would have no conceivable claim that they were entitled to retroactive pay.

¶ 23 Collective bargaining enables employees to pool their economic strength to improve conditions of employment. *Stahulak v. City of Chicago*, 184 Ill. 2d 176, 184 (1998). In exchange for such benefits, employees relinquish their rights to bargain individually with their employer. *Stahulak*, 184 Ill. 2d at 184. If individual employees could compel arbitration of their grievances, "the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiations." See *Stahulak*, 184 Ill. 2d at 184 (quoting *Vaca v. Snipes*, 386 U.S. 171, 191 (1967)). Therefore, individual employees who are represented by a union may seek a court order to compel arbitration only if they can first

demonstrate that their union breached its duty of fair representation. See *Stahulak*, 184 Ill. 2d at 184.

¶ 24 Fair representation claims are subject to the comprehensive scheme of remedies and administrative procedures provided for in the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 *et seq.* (West 2018)). *Foley v. American Federation of State, County, and Municipal Employees, Council 31, Local No. 2258*, 199 Ill. App. 3d 6, 10 (1990). The Act confers upon the Board exclusive jurisdiction over fair representation claims. *Foley*, 199 Ill. App 3d at 10. If fair representation claims could be heard before the trial courts as well as the Board, this would inevitably lead to inconsistent judgments, forum shopping, and increased amounts of unnecessary litigation. *Foley*, 199 Ill. App 3d at 11.

¶ 25 Petitioners assert that they had a right to intervene under section 2-408(a)(2) of the Code, which provides that a party may intervene in an action "when the *representation of the applicant's interest by existing parties is or may be inadequate* and the applicant will or may be bound by an order or judgment in the action." (Emphasis added.) 735 ILCS 5/2-408(a)(2) (West 2018). Petitioners contend that plaintiff failed to adequately represent their interests because it used their claims as leverage to reach a settlement agreement that benefited current union members but excluded petitioners. Petitioners further complain that plaintiff failed to notify them of the settlement agreement, even though it affected their economic rights. On November 27, 2018, in granting the section 2-1401 petition, the trial court agreed with petitioners, finding that they had a right to intervene because "representation of the union and their attorneys the Court finds was inadequate to protect their interest in the settlement of the case."

¶ 26 Petitioners assert that the facts of this case take it outside the confines of the Act, attempting to make a distinction between pre-litigation and post-litigation claims. We disagree. The stated

purpose of the Act is to regulate labor relations between public employers and employees, including their representatives, in negotiations of wages arising under collective bargaining agreements, which precisely describes the facts of this case. 735 ILCS 315/2 (West 2018). We agree that petitioners had a right to intervene if they demonstrated that plaintiff failed to adequately represent their interests. However, as discussed above, the Act provides that it is the exclusive power of the Board, not the trial court, to determine whether a union fairly represented its members. *Foley*, 199 Ill. App 3d at 10. In other words, the trial court did not have subject matter jurisdiction to determine the adequacy of representation and permit the intervention. Accordingly, the court's orders stemming from that determination—the November 27, 2018, order granting the section 2-1401 petition and the January 10, 2020, order that sent the cause to arbitration—are *void ab initio*. *In re M.W.*, 232 Ill. 2d at 414.

¶ 27 The subject matter jurisdiction issue is dispositive of this appeal. There is no need to address the merits of the standing issue raised by defendants.

¶ 28                                III. CONCLUSION

¶ 29 For the foregoing reasons, we vacate the November 27, 2018, and the January 10, 2020, orders of the circuit court of Du Page County.

¶ 30 Orders vacated.