773 F.2d 880
 120 L.R.R.M. (BNA) 2676, 103 Lab.Cas. P 11,680
 David L. ANDERSON, Arlie Carr, Tom Cleaton, Eugene
Coppeteeli, David Dunn, Delbert Escher, William Forgis, John
Gooch, William Hewitt, David Hindman, G.A. Lewis, Willard
Luna, Walter Miller, Bernard Mitchell, Ron Noltkamper, Rich
Phillips, Kendale Prass, Carl Smick, Robert Tucker, Leonard
Worthen, N.O. Thurman, L.A. Vaughn, T.J. Padgett, D.W.
Kaminski, J.J. Brown, W.J. Hiles and W.W. Martin (St. Louis
area Petitioners), and C.R. Moore, Jr., T.W. Mulligan, Larry
Creamer, William Fox and P.G. Mattox (Decatur Area
Petitioners), Plaintiffs/Appellants,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, Defendant/Appellee.
 No. 84-1015.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 22, 1985.
Decided Sept. 23, 1985.
 
 Lance Callis, Callis & Hartman, P.C., Grantie City, Ill., for plaintiffs/appellants.
 James S. Whitehead, Sidley & Austin, Chicago, Ill., for defendant/appellee.
 Before ESCHBACH and POSNER, Circuit Judges, and GIBSON, Senior Circuit Judge.*
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Plaintiffs, a group of employees of defendant Norfolk and Western Railroad Co. (N & W) at the St. Louis, Missouri and Decatur, Illinois terminals, appeal the district court's[1] grant of summary judgment to the defendant. Plaintiffs filed their complaint seeking to vacate an arbitrator's award of March 26, 1982, and to enforce the arbitrator's award of December 29, 1981. Because we conclude that the plaintiffs are without standing to bring this complaint, we affirm the district court.
 
 
 2
 This action arises out of the Railroad's acquisition of the Illinois Terminal Railroad Company (Illinois Terminal). In approving the merger, the Interstate Commerce Commission (Commission) required N & W to negotiate with the labor union representing its employees, the United Transportation Union (Union), to reach an implementing agreement governing the use and assignment of employees affected by the merger. Such an agreement is mandated by section 5(2)(f) of the Interstate Commerce Act, now codified at 49 U.S.C. Sec. 11347 (1984) and the Commission's decision in New York Dock Railway, 360 I.C.C. 60 (1979). Because N & W and the Union failed to fashion an agreement through negotiation, N & W invoked the arbitration mechanism under Article I, section 4 of the New York Dock Railway conditions.
 
 
 3
 N & W and the Union selected Arbitrator Leverett Edwards, who issued his initial decision on December 29, 1981. The arbitrator ruled on two of the three issues on which the parties had been unable to agree: the method of compiling seniority lists, and N & W's proposal that all employees be brought under the provisions of its Wabash Schedule Agreements. On the seniority issue, Edwards approved N & W's proposal to "dovetail" seniority lists; however, he rejected N & W's request that all employees be brought under the Wabash agreements.
 
 
 4
 Arbitrator Edwards concluded, however, that N & W and the UTU had not exhausted their efforts to negotiate a complete implementing agreement:
 
 
 5
 The Arbitrator is of the opinion, from the record, that negotiations for a new and proper implementing agreement have not been carried out to the extent required for success. The Arbitrator is of the further opinion that such negotiations, if resumed, may result in a full and complete resolution by agreement of all issues, both major and minor, necessary to secure a complete implementing agreement, satisfactory and fair to all.
 
 
 6
 Decision and Award of December 29, 1981 at 6. Edwards sent the parties back to the bargaining table in the belief that "additional effort by the parties will result in final and complete disposition of all issues." Id. at 7. In doing so, however, he expressly reserved arbitral jurisdiction of the matter.
 
 
 7
 N & W and the UTU did resume negotiations, and came to terms on a complete implementing agreement. The proposed agreement covered all of the necessary issues, including the question of seniority lists. Because of bargaining compromises made in order to reach agreement on the entire dispute, the seniority provision ultimately agreed to by N & W and the UTU differed from that initially approved by the arbitrator. Instead of the dovetailing of seniority lists that the arbitrator approved in his December 29, 1981 award, the proposed agreement provided for an equitable distribution of job assignments that resembled the original proposal of the UTU. The proposed implementing agreement was signed by two UTU General Chairmen on February 22, 1982, and was subsequently approved by two of the four affected Local Yard Chairmen. Because the UTU Constitution required the approval of all Local Chairmen, however, the General Chairman was unable to sign the formal agreement.
 
 
 8
 Representatives of N & W and the UTU then presented Arbitrator Edwards with the proposed agreement. After reviewing the negotiations and the quality of representation of both parties, Edwards expressed his satisfaction with the fairness of the agreement. In his Supplemental Award No. 1 issued March 16, 1982, Arbitrator Edwards approved the proposed implementing agreement as his final binding award.
 
 
 9
 Plaintiffs brought this suit, asking the court to vacate the arbitrator's award of March 16, 1982 as exceeding his jurisdiction, and to confirm the award of December 19, 1981. The district court granted summary judgment to N & W. The court concluded that Arbitrator Edwards did not exceed his authority in issuing the Supplemental Award because the December 29 award was neither final nor intended by him to be final. Plaintiffs now appeal to this court the award of summary judgment to N & W.
 
 I.
 
 10
 At the outset, we perceive a serious question as to plaintiffs' standing to bring this action. Because the standing issue was related to plaintiffs' right to invoke the court's jurisdiction, this court raised the issue sua sponte at oral argument. We asked the parties to submit supplemental briefs, which they have done.
 
 
 11
 In our opinion, plaintiffs do not have standing in this matter. Plaintiffs have cited no cases to us that allow persons not parties to the original proceeding to appeal the outcome of that proceeding. In analogous cases, courts have held that individual employees have no standing to challenge an arbitration proceeding to which the Union and the employer were the sole parties. See, e.g., Vosch v. Werner Continental, Inc., 734 F.2d 149, 154 (3d Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985) (employees may appeal adverse arbitral decision under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1976), only if they can show that the union breached its duty of fair representation to them); Andrus v. Convoy Co., 480 F.2d 604, 606 (9th Cir.), cert denied, 414 U.S. 989, 94 S.Ct. 286, 38 L.Ed.2d 228 (1973) (fairly represented employee cannot attack final arbitration decision made in the context of collective bargaining); Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 171 (5th Cir.1971) ("Courts have not allowed an individual attack on a final [arbitration] award ... except on the grounds of fraud, deceit or breach of duty of fair representation," or inadequate grievance procedure); Acuff v. Papermakers and Paperworkers, AFL-CIO, 404 F.2d 169, 171 n. 2 (5th Cir.1968), cert. denied, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762 (1969) (employee did not have standing to challenge arbitration award under the Arbitration Act, 9 U.S.C. Sec. 10, when the union and the employer were sole parties to the arbitration); United States Postal Service v. American Postal Workers Union, 564 F.Supp. 545, 547-51 (S.D.N.Y.1983) (same); Miller Brewing Co. v. Brewery Workers Local Union No. 9, Directly Affiliated Local Union, AFL-CIO, 562 F.Supp. 1368, 1371 (E.D.Wis.1983), rev'd in part on other grounds, 739 F.2d 1159 (7th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985) (general rule is that an employee may not move to vacate arbitration award unless the union has breached its duty of fair representation). C.f. F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781, 629 F.2d 1204, 1208-13 (7th Cir.1980), cert. denied, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981) (court notes that weight of authority holds that individual union members may not bring suit to have arbitration award set aside, but allows narrow exception to employees seeking to intervene, without union objection, to uphold arbitration award). Here, plaintiffs do not allege fraud, deceit, or breach of the Union's duty of fair representation. What the employees seek is to overturn an arbitration award made in a proceeding in which they did not participate, and in which they were represented by the UTU. On the basis of the authority cited above we conclude they are without standing to do so.
 
 
 12
 We are all in agreement on the standing issue. Judge Eschbach and Judge Posner would decide the case solely on standing, without considering the merits. I am somewhat reluctant, however, to dispose of this case solely on the issue of standing.
 
 II.
 
 13
 Ordinarily, we will not address an issue on appeal which the district court did not have the opportunity to pass on. See, e.g., Christmas v. Sanders, 759 F.2d 1284, 1291 (7th Cir.1985); Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.1983) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)). An exception to this general rule exists when the issue raised for the first time involves a question of a jurisdictional nature. Stern, 547 F.2d at 1333-34 (citing Federal Savings and Loan Insurance Corporation v. Quinn, 419 F.2d 1014, 1019 (7th Cir.1969)). Here, however, the court does have subject matter jurisdiction, but the plaintiffs lack standing. Because plaintiffs unquestionably have suffered an injury, a threshold requirement of standing, e.g., Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), although nullified by the Union's representation of the plaintiffs' interests in the arbitration proceeding, and because the standing issue was not raised in the district court, I would proceed to the merits of plaintiffs' claim.
 
 
 14
 Even apart from the standing issue, I think plaintiffs' complaint lacks merit. Plaintiffs' claim that Arbitrator Edwards exceeded his jurisdiction in ruling on the seniority list issue in the March 16, 1982 award is based on their assertion that the December 29, 1981 award was final and binding as to that issue. I agree with the district court, however, that the arbitrator intended the December award to be subject to further negotiations, and not a final award. The arbitrator expressly stated that he was resubmitting the matter to N & W and the UTU for further negotiations in the hope that they could reach a complete resolution of all issues. To be considered "final," an arbitration award must be intended by the arbitrator to be his complete determination of every issue submitted to him. A/S Siljestad v. Hideca Trading, Inc., 678 F.2d 391, 392 (2d Cir.1982) (per curiam); Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413 (2d Cir.1980); Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd., 454 F.Supp. 368, 372 (S.D.N.Y.1978). See also Hunt v. Mobil Oil Corp., 557 F.Supp. 368, 374-75 (S.D.N.Y.), aff'd mem., 742 F.2d 1438 (2d Cir.1983). Thus, because the arbitrator specifically left the resolution of the issues subject to further negotiations between the parties, the December award cannot be considered final.[2] Not until the March award, when he made a determination as to every issue submitted to him, did the arbitrator issue an award intended to be final and binding. Because the arbitrator did not exceed his jurisdiction in issuing the March award, it was final and binding and is not subject to review by this court on appeal.
 
 
 15
 Furthermore, it would appear that an arbitrator should and would have authority to change, modify, or amend decisions prior to making his final determination. As noted by the district court in A/S Siljestad v. Hideca Trading, Inc., 541 F.Supp. 58, 61 (S.D.N.Y.1981), aff'd per curiam, 678 F.2d 391 (2d Cir.1982), "It is undisputed that, after a final decision by an arbitrator, the arbitrator becomes functus officio and lacks the power to reconsider or amend the decision." See also Air Line Pilots Association v. Northwest Airlines, Inc., 498 F.Supp. 613, 618 (D.Minn.1980) (quoting F. Elkouri & E. Elkouri, How Arbitration Works 239 (3d ed. 1973)). Conversely, an arbitrator's authority prior to his final decision would encompass the right to reconsider or amend any interim determinations.
 
 III. Conclusion
 
 16
 Accordingly, we remand to the district court with instructions to vacate the order granting defendant's motion for summary judgment and to dismiss the complaint for lack of jurisdiction.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit sitting by designation
 
 
 [1]
 The Honorable William L. Beatty, United States District Judge for the Southern District of Illinois
 
 
 [2]
 Plaintiffs cite Puerto Rico Maritime in support of their claim that "if claims are 'separable' they are final." Appellants' Brief at 5. The court in Puerto Rico Maritime, 454 F.Supp. at 372, dealt with the court's power to confirm the separable, valid portion of an award apart from an invalid portion. The December award is not alleged to be part valid and part invalid; rather it was simply an incomplete determination by the arbitrator of the issues submitted to him, and therefore not final