**Lowell SHORES, Lee Birkner, George Roberts, and Carl Prater, Plaintiffs-Appellants,**

v.

**PEABODY COAL COMPANY, Defendant-Appellee.**

No. 86–2405.

United States Court of Appeals, Seventh Circuit.

Oct. 22, 1987.

Gary L. Bement, Belleville, Ill., for plaintiffs-appellants.

Harold I. Elbert, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for defendant-appellee.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Four members of the International Union, United Mine Workers of America, District 12 and Local 1148 ("the Union") appeal from the dismissal of their suit against their employer, Peabody Coal Company, to set aside an arbitration award. The district

---

court dismissed the suit because the Union members lacked standing to sue; we affirm.

## I.

The plaintiffs-appellants are four Union members employed by Peabody as surface miners. A dispute arose when Peabody did not permit the plaintiffs to bid for jobs as underground miners. According to Peabody, the plaintiffs were not qualified to apply for the underground mining positions because they lacked the experience set forth in Peabody's collective bargaining agreement with the Union.[1] The plaintiffs filed a grievance which the Union submitted to an arbitrator pursuant to the dispute resolution procedure of the contract. Under the terms of the agreement, the arbitrator's decision concerning an unresolved grievance is final and binding.

The arbitrator ruled that Peabody's interpretation of the requirements for underground mining positions in the collective bargaining agreement was incorrect and that the plaintiffs should have been permitted to apply for the jobs. In fashioning a remedy, however, the arbitrator awarded only prospective relief. He reasoned that Peabody had been interpreting the underground mining requirements of the agreement consistently, although incorrectly, and that any retrospective application of the award would be unwarranted because it would displace other miners and create chaos. The Union elected not to appeal the arbitrator's decision.

The plaintiffs were not satisfied with the arbitrator's decision not to award a back remedy, and they filed a suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185,[2] against Peabody to modify the relief granted by the arbitrator.[3] In their amended complaint, the plaintiffs alleged that the arbitrator's award was capricious and arbitrary. They also claimed that they were third-party beneficiaries of the Union's collective bargaining agreement with Peabody and that the Union breached its duty of fair representation by failing to appeal the arbitrator's award. Peabody moved to dismiss the complaint, and the district court granted Peabody's motion, ruling that the plaintiffs lacked standing to appeal the outcome of the arbitration proceeding.

## II.

In *Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880, 882 (7th Cir. 1985), this court held that individual employees who are union members have no standing to challenge in a Section 301 suit an arbitration proceeding to which the union and the employer were the sole parties, except on the grounds of fraud, deceit, or breach of the union's duty of fair representation. The plaintiffs argue that the *Anderson* rule on standing does not apply here because the Union and Peabody were not the sole parties to the arbitration proceeding. The plaintiffs reason that because they filed the initial grievance against Peabody, they were also a party to the arbitration and thus have standing to challenge the award. This argument is unpersuasive. The arbitration proceeding commenced when the Union submitted the grievances to the arbitrator, and not when the plaintiffs filed their initial grievances pursuant to the terms of the collective bargaining agreement. When the grievance was submitted for arbitration, the Union was representing the plaintiffs in their claims against Peabody, and only the Union and Peabody were parties to the arbitra-

---

1. The Union and Peabody entered into the National Bituminous Wage Agreement of 1984.

2. Section 301 provides:
   "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

3. The plaintiffs specifically requested the court to order Peabody to award them the underground mining jobs and the back wages, full benefits, and seniority that they would have accumulated from the time that they were denied the jobs.

tion. *See, e.g., Harris v. Chemical Leaman Tank Lines, Inc.,* 437 F.2d 167 (5th Cir.1971). Hence, the rule of *Anderson* applies and the plaintiffs lack standing unless they can establish that the Union has breached its duty of fair representation.[4]

 The plaintiffs submit that they should be allowed to make an individual attack on the award because they alleged that the Union breached its duty of fair representation by failing to appeal the arbitration award. This Circuit has firmly established the rule, however, that a union's failure to contest an arbitration award in court cannot be a breach of the duty of fair representation. *Freeman v. Local Union No. 135,* 746 F.2d 1316, 1320 (7th Cir.1984). *See also Bonds v. Coca-Cola Co.,* 806 F.2d 1324, 1326 (7th Cir.1986). As we explained in *Bonds:*

> "Arbitral awards are binding, and courts sustain them except in the most extraordinary circumstances. We discourage efforts to upset these awards. E.g., *Dreis & Krump Mfg. Co. v. Machinists,* 802 F.2d 247 (7th Cir.1986). A union is never obliged to contest an award in court in order to discharge its duty of fair representation, and a suit is likely to be met with an award of attorneys' fees to the other side, as it was in *Dreis & Krump.*"

806 F.2d at 1326. The plaintiffs have not alleged that the Union breached its duty of fair representation in any other way except in failing to appeal. Because the failure to appeal an arbitration award is not a breach of duty of fair representation, the allegations in the complaint establish that the

plaintiffs lack standing to bring a suit to overturn the arbitration award.[5] Therefore, the decision of the district court to dismiss the complaint is

AFFIRMED.

4. The plaintiffs have not alleged fraud or deceit.

5. One final issue warranting this court's attention is the misleading use of a quote by the appellants' counsel. One of the arguments raised by the appellants that we have not addressed (because it is irrelevant) is that they were third-party beneficiaries of the collective bargaining agreement. To support this position, their counsel cites *Humphry v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). Without citing to a specific page in the opinion, counsel quotes the Supreme Court as stating, "When it is alleged that the Union itself is engaged or acquiesed [sic] in a departure from the collective bargaining agreement, we can see no reason why an individually effected [sic] employee may not step into the shoes of the Union

and maintain a Section 301 suit himself." Appellants' brief at 17. This passage is actually from a concurring opinion written by Justice Harlan, and the first person singular pronoun "I" has been altered to the first person plural "we" in an apparent attempt to make it sound like a majority opinion.

Doctoring quotations is a serious ethical violation and will not be tolerated by this court. Rule 3.3 *Annotated Model Rules of Professional Conduct* (1984); *see also Duggan v. Board of Education of East Chicago Heights,* 818 F.2d 1291, 1297 n. 14 (7th Cir.1987). Counsel would be well advised to check the accuracy of his citations and quotations in any future briefs to this court.