Cusandra **RIDGE**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, National Association of Letter Carriers, AFL–CIO, Defendants.**

**No. 90 C 4729.**

United States District Court, N.D. Illinois, E.D.

March 9, 1992.

Gerald A. Goldman, Arthur R. Ehrlich, Goldman & Marcus, Chicago, IL, for Cusandra Ridge.

Ann L. Wallace, U.S. Attorney's Office, Loretta H. Davenport, Chicago, IL, for U.S. Postal Service.

Michael B. Erp, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, Gary Gordon, Cohen, Weiss and Simon, New York City, for National Ass'n of Letter Carriers, AFL–CIO.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant National Association of Letter Carriers, AFL–CIO ("NALC") has filed a motion for Rule 11 sanctions against plaintiff Cusandra Ridge and her attorneys. For the reasons set forth below, we grant the motion in part, and enter sanctions against Ridge's attorneys.

### I.

Ridge is a former employee of defendant United States Postal Service ("Postal Service"). She was terminated for allegedly destroying mail by disposing of it in a trash bin without authorization. Ridge subsequently filed a grievance protesting her dismissal. An arbitration hearing was held in accordance with the grievance procedure under the collective bargaining agreement between the Postal Service and NALC. Ridge was represented at the hearing by a NALC representative. The arbitrator determined that Ridge's discharge was for just cause and denied reinstatement and back pay.

Ridge brought suit against the Postal Service, NALC, and arbitrator William F. Dolson under 9 U.S.C. § 10 (1988). She sought to have the arbitrator's award vacated, claiming that Dolson "so imperfectly executed his powers that a mutual, final and definite award on the subject matter submitted was not made." Complaint ¶ 11. Ridge specifically alleged that certain exculpatory evidence was not introduced at the hearing. *Id.* ¶ 12. Before the adjudication of any pretrial motion pending before us, Ridge voluntarily dismissed her suit.

Prior to Ridge's voluntary dismissal, NALC filed the instant motion for sanctions. NALC contends that Ridge's suit was entirely without merit, and that it was not well-grounded in fact or warranted by existing Seventh Circuit precedent. We agree.

### II.

#### A.

Federal Rule of Civil Procedure 11 provides, in relevant part, that the signature of a party's attorney certifies that

> the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses in-

curred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11. Under the rule, if an attorney files a pleading which is not reasonably based in fact or on the law, or is meant to harass, the court "*shall* impose ... an appropriate sanction...." *Id.* (emphasis added); *see also Brown v. Federation of State Medical Bds. of the United States,* 830 F.2d 1429, 1433 (7th Cir.1987) ("shall" in Rule 11 equivalent to "must"); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1082 (7th Cir. 1987) (same), *cert. denied,* 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988).

The applicable standard in a Rule 11 inquiry is whether the conduct in question was reasonable "under the circumstances." *Business Guides v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991); *see also Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8,* 802 F.2d 247, 255 (7th Cir.1986). This is an objective standard; "[s]ubjective bad faith is no longer the crucial inquiry." *Brown,* 830 F.2d at 1435.

■ There are two grounds for sanctions within Rule 11. The first is the "frivolousness clause," which is composed of two subparts: (1) whether the party has made a reasonable inquiry into the governing law, and (2) whether a party has made a reasonable inquiry into the facts of the case. *Id.;* *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986). A violation of either subpart constitutes a Rule 11 violation. *Brown,* 830 F.2d at 1435.

Our consideration of the reasonableness of the party's inquiry into the applicable law should include "the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law." *Id.; see also Advisory Committee Note,* 97 F.R.D. 198, 199 (1983).

In determining the reasonableness of the party's inquiry into the facts of the case, we may consider

whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

*Brown,* 830 F.2d at 1435; *see also Advisory Committee Note,* 97 F.R.D. at 199.

■ The second ground for imposing Rule 11 sanctions is the "improper purpose" clause, which provides that a party may not use a pleading, motion, or other paper "for purposes of delay, harassment, or increasing the costs of litigation." *Brown,* 830 F.2d at 1436; *Zaldivar,* 780 F.2d at 831. Under this analysis, the Rule is analogous to the common law torts of abuse of process, based on the filing of objectively frivolous suits, and malicious prosecution, based on the filing of a colorable suit in order to impose expense on the defendant. *Szabo Food,* 823 F.2d at 1083.

### B.

■ We find that sanctions are warranted against Ridge's attorneys under both prongs of the frivolousness clause. Ridge's pleadings indicate a near-complete lack of understanding of the law applicable to vacating an arbitrator's labor grievance decision. In this circuit, it is well-settled that individual employees have standing to challenge an arbitration award only on the grounds of fraud, deceit, or breach of the union's duty of fair representation. *Shores v. Peabody Coal Co.,* 831 F.2d 1382, 1383–84 (7th Cir.1987); *Anderson v. Norfolk & W. Ry.,* 773 F.2d 880, 882 (7th Cir.1985); *see also Martin v. Youngstown Sheet & Tube Co.,* 911 F.2d 1239, 1244 (7th Cir.1990). Ridge did not present any such allegations to this court, nor did she offer an alternative basis that gave her standing to challenge the arbitration decision. Instead, her attorneys merely

invoked jurisdiction under the provisions of 9 U.S.C. § 10 and alleged that certain evidence was not introduced at the hearing. The failure to allege fraud, deceit, or breach of the duty of fair representation indicates a clear lack of investigation into the governing law in arbitration cases.

█ There can be no contention that the complaint implicitly broaches the issue of NALC's duty of fair representation. The duty is proven to have been breached when plaintiff produces substantial evidence of intentional misconduct by the Union. *Hoffman v. Lonza, Inc.*, 658 F.2d 519, 522 (7th Cir.1981); *see also Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1197–98 (7th Cir.1990) (following *Hoffman*). Allegations of a Union's "perfunctory" representation or negligence are insufficient and do not rise to the level of intentional misconduct. *Camacho v. Ritz–Carlton Water Tower*, 786 F.2d 242, 244 (7th Cir.), *cert. denied*, 477 U.S. 908, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986). While Ridge's attorneys acknowledge that negligent or perfunctory conduct does not meet the Seventh Circuit standard, Response at 2, this does not excuse them from attempting to make the proper showing.

█ Ridge's attorneys do cite 9 U.S.C. § 10 as a jurisdictional basis for vacating an arbitration award. In the context of labor law, however, § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, is superseded by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1988). *Martin*, 911 F.2d at 1244; *Miller Brewing Co. v. Brewery Workers Local Union No. 9, AFL–CIO*, 739 F.2d 1159, 1162 (7th Cir. 1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). Thus, employee appeals of arbitration decisions must be brought under § 301 of the LMRA, and only then if a breach of the Union's duty of fair representation can be shown. *Anderson*, 773 F.2d at 882 (citing *Vosch v. Werner Continental, Inc.*, 734 F.2d 149, 154 (3d Cir.1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985)). Ridge's attorneys do not cite a single case supporting the use of 9 U.S.C. § 10 as a jurisdictional basis for vacating the arbitrator's award. They cite no support for the proposition that the award could be vacated without showing a breach of the duty of fair representation. The lack of authority illustrates the attorneys' insufficient investigation into the controlling law in this area.

Ridge's attorneys claim to have reviewed the United States Code Annotated ("USCA") before filing the complaint. Response at 4. This is not enough; a cursory glance at the USCA is clearly insufficient to determine the controlling law. While this review may or may not have indicated Ridge's standing to challenge the arbitration award—and, given the excerpt at 9 U.S.C.A. § 10 n. 27 supplied by NALC, standing concerns were fairly evident from the annotation, such a perfunctory investigation will not suffice Similarly, the casual assertion that "[t]his law firm brought an action several years ago under the [FAA]," and "[d]efendant [there] did not challenge the Plaintiff's standing," is insufficient to shield Ridge's attorneys from sanction, especially given their admission that they are "unable to recall the name of the case" that their firm supposedly litigated sometime in the past. *Id.* at 4.

█ Ridge's attorneys also insufficiently investigated the facts of the case before bringing the complaint against NALC. The suit contends that the arbitration award should be vacated because certain evidence was not introduced at the hearing. There is no indication that NALC was specifically responsible for not bringing this evidence forward or that it intentionally misrepresented Ridge. Indeed, Ridge concedes that she was not accusing NALC of any misconduct, intentional or otherwise. *Id.* at 2. Indeed, it is not clear to us why Ridge's attorneys included NALC as a party to this case in the first place.[1]

Finally, there is no indication that any of the *Brown* mitigating factors, such as lack of

---

1. The argument that NALC "was named as a party to this action only because it was a party to the arbitration proceeding" and that Ridge "did not seek any relief against" NALC rings hollow. NALC is not at fault for "vigorous[ly]" opposing Ridge's suit, particularly where there is no indication that NALC was, for example, a Rule 19 party. *See* Fed.R.Civ.P. 19.

investigation time, factual complexity, or inadequate discovery, are present here.

### III.

For the reasons set forth above, we find that Rule 11 sanctions are warranted against Ridge's attorneys. We direct NALC to file an affidavit detailing its costs and attorneys' fees; we will fix the sanction amount after the reviewing the affidavit(s). It is so ordered.