25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald FISH, Plaintiff-Appellant,
v.
RELIANCE ELECTRIC CO., Defendant-Appellee.
 No. 93-1481.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1994.
Decided May 18, 1994.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. 92 C 1151; Sarah Evans Barker, Chief Judge.
 
 
 1
 S.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Ronald Fish, a former employee of the Reliance Electric Co. ("Reliance"), brought a motion in state court to vacate an arbitration award which was entered following an arbitration hearing mandated by the collective bargaining agreement between Reliance and the International Association of Machinists and Aerospace Workers District 90, Local Lodge No. 1466, AFL-CIO (the "Union"). At the hearing, Fish was represented by the Union and Reliance was represented by attorneys from the law firm of Ice, Miller, Donadio & Ryan. The arbitrator, Edward P. Archer, issued an award in favor of Reliance on the ground that Fish had been discharged by Reliance for just cause within the meaning of the collective bargaining agreement. In his motion to vacate the arbitrator's award, Fish alleged that the award was the product of Reliance's constructive fraud and Archer's conflict of interest, all in violation of the Indiana Uniform Arbitration Act, Ind.Code Sec. 34-4-2-1 et seq. (the "Act"). Specifically, Fish averred that neither he nor the Union were told that a partner of Ice, Miller, Donadio & Ryan was on the governing board of Indiana University where Archer is a law professor, and that Archer had displayed actual bias against him in the arbitration proceedings. Reliance removed the action to federal court as arising under Sec. 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185 (the "LMRA"), then moved for dismissal under Rule 12(b)(1) on the ground that Fish lacked standing to bring an action to vacate the award. The district court summarily denied Fish's motion to remand the case to state court and granted Reliance's motion to dismiss. Fish appeals both decisions. We affirm.
 
 
 4
 We first address Fish's challenge to the district court's refusal to remand this action to state court. A defendant may remove an action to federal district court if the action is within the district court's original jurisdiction. See 28 U.S.C. Sec. 1441(a). It is well-established that Sec. 301 of the LMRA preempts the entire field of disputes involving the interpretation or enforcement of collective bargaining agreements, and thus governs all claims which are "founded on rights directly created by collective bargaining agreements, or are 'substantially dependent on analysis of a collective-bargaining agreement.' " Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987) (quoting International Bhd. of Elec. Workers, AFL-CIO v. Hechler, 481 U.S. 851, 859 n. 3 (1987)); see also In re Amoco Petroleum Additives Co., 964 F.2d 706, 709 (7th Cir.1992). Thus, if Fish's claim is one the resolution of which depends upon the collective bargaining agreement between Reliance and the Union, the action arises under Sec. 301, see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406-408 & n. 5 (1988), and is within the original jurisdiction of the district court. See Caterpillar, Inc., 482 U.S. at 394.[1]
 
 
 5
 A state law claim is independent of a collective bargaining agreement only if it is possible to determine whether the plaintiff has established each element of the claim without interpreting any term of the collective bargaining agreement. Lingle, 486 U.S. at 407, 413; see United Steelworkers v. Rawson, 495 U.S. 362, 368-71 (1990); Douglas v. American Info. Technologies Corp., 877 F.2d 565, 569-70 (7th Cir.1989). If, moreover, an essential element of the claim involves a duty which would not have existed had it not been created by the express or implied terms of the collective bargaining agreement, or involves a duty the scope of which cannot be determined without reference to the agreement, the claim is not independent of the agreement and does not survive Sec. 301 preemption. See Rawson, 495 U.S. at 369-71; Hechler, 481 U.S. at 861; Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213-14 (1985).
 
 
 6
 To determine whether Fish's claim depends upon the terms of the collective bargaining agreement, we begin by analyzing its elements. See Smith v. Colgate-Palmolive Co., 943 F.2d 764, 768 (7th Cir.1991). Fish asserts that the arbitrator's award was the product of Reliance's constructive fraud and the arbitrator's bias, all in violation of Ind.Code Sec. 34-4-2-13(a).[2] Under Indiana law, the elements of constructive fraud are:
 
 
 7
 (1) a duty owing by the party to be charged to the complaining party due to their relationship,
 
 
 8
 (2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists,
 
 
 9
 (3) reliance thereon by the complaining party,
 
 
 10
 (4) injury to the complaining party as a proximate result thereof, and
 
 
 11
 (5) the gaining of an advantage by the party to be charged at the expense of the complaining party.
 
 
 12
 Block v. Lake Mortgage Co., 601 N.E.2d 449, 451 (Ind.Ct.App.1992) (quoting Pugh's IGA, Inc. v. Super Food Services, Inc., 531 N.E.2d 1194, 1197 (Ind.Ct.App.1988)).
 
 
 13
 To prove that the arbitrator's decision in this case was constructively fraudulent in violation of Ind.Code Sec. 34-4-2-13(a)(1), Fish must demonstrate that Reliance gained an actual advantage in the arbitration proceedings as a result of its failure to inform Fish about the relationship between its attorneys and Archer. In order to show that Reliance was able to obtain a favorable outcome at the arbitration hearing to which it was not otherwise entitled, Fish would be required to demonstrate that an impartial arbitrator considering the same set of facts under the legal standard provided by the collective bargaining agreement would not have reached the same conclusion as did Archer. Fish would thus be unable to prove his state law claim without referring to the standards set for "just cause" discharge under the collective bargaining agreement and federal common law. See Lueck, 471 U.S. at 209-11; Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 103-04 (1962). Because Fish's claim that the arbitrator's decision was constructively fraudulent under Ind.Code Sec. 34-4-2-13(a)(1) requires interpretation of the collective bargaining agreement, it is preempted by Sec. 301 of the LMRA. See Lingle, 486 U.S. at 405-07 & n. 5; Lueck, 471 U.S. at 211. By similar reasoning, Fish would also be unable to prove that Archer showed "evident partiality" in the arbitration proceedings, as would be needed in order to vacate the award under Ind.Code Sec. 34-4-2-13(a)(2), without interpreting the collective bargaining agreement. A court would be unable to decide whether Archer was actually biased against Fish without determining how an objective arbitrator would have evaluated Fish's grievance. This, in turn, cannot be ascertained without reference to the standards set by the collective bargaining agreement for just cause discharge. Fish's state law claim requesting that the award be vacated on the basis of Archer's "evident partiality" is thus preempted as well. See Lingle, 486 U.S. at 405-07 & n. 5.
 
 
 14
 Reliance also argues that its duty to disclose any relationship between itself and the arbitrator which could reasonably call into question the arbitrator's impartiality does not exist independently of the collective bargaining agreement. In Hechler, the Supreme Court held that an employee's claim that her union had breached its duty to provide her with a safe workplace and to ensure that her duties were commensurate with her training and experience was preempted by Sec. 301 of the LMRA because the duty invoked by the employee had no independent basis in state law apart from its creation by the terms of the collective bargaining agreement. See Hechler, 481 U.S. at 859-62. Reliance contends that because Fish's right to have his grievance arbitrated derived solely from his status as a third-party beneficiary of the collective bargaining agreement between Reliance and the Union, a court must look to the terms of the agreement to determine the precise scope of Reliance's duty to disclose any potential source of bias in the arbitration proceedings.
 
 
 15
 Fish argues that Reliance's duty under state law to disclose its relationship to Archer arose from the very fact that Reliance appeared at the arbitration hearing. This argument is foreclosed by the Supreme Court's decision in Rawson, 495 U.S. at 362. In Rawson, the survivors of four deceased coal miners brought a wrongful death action in state court claiming that the union had breached its duty of due care in inspecting the mine, a duty which was independent of any collective bargaining agreement because it arose "from the fact of the inspection itself rather than the fact that the provision for the Union's participation in mine inspection was contained in the labor contract." Id. at 371. In rejecting this argument, the Court observed that the union's representatives participated in the inspection of the coal mine only because the collective bargaining agreement so provided, and that any claim alleging a failure to perform that duty necessarily arose out of the agreement. See id. at 317-72. Under the reasoning of Hechler, Reliance's duty to arbitrate had no existence independent of the collective bargaining agreement; under Rawson, the fact that Reliance undertook to fulfill its contractual duty to arbitrate did not give rise to an independent duty to disclose its relationship to the arbitrator. Because Reliance's duty to disclose any possible bias on Archer's part thus arose solely out of its contractual relationship with the Union, Fish's state law action is preempted by Sec. 301 on this basis as well.
 
 
 16
 Having established that Fish's claim arises under Sec. 301 of the LMRA and was therefore properly removed, we next consider whether Fish has standing to pursue this action. An individual employee represented by a union is not a party to a collective bargaining agreement or to any arbitration proceeding between his employer and the union conducted pursuant to that agreement, regardless of whether the proceeding concerned his grievance. See Martin v. Youngstown Sheet & Tube Co., 911 F.2d 1239, 1244 (7th Cir.1990); Shores v. Peabody Coal Co., 831 F.2d 1382, 1383-84 (7th Cir.1987). The employee therefore lacks standing to challenge an arbitration award unless he asserts a claim that the union breached its duty of fair representation. See Youngstown Sheet & Tube Co., 911 F.2d at 1244; Anderson v. Norfolk & W. Ry. Co., 773 F.2d 880, 882 (7th Cir.1985); see also Vaca v. Sipes, 386 U.S. 171, 185-87 (1967); Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2d Cir.1994) (per curiam ).
 
 
 17
 Fish concedes that the Union did not breach its duty of fair representation, but nevertheless argues that he has standing to bring this action on the basis of his allegations of fraud and deceit on the part of Reliance. Fish's argument is misplaced. In order for an individual employee represented by a union in an arbitration proceeding to have standing under Sec. 301 to challenge the outcome of the proceeding, he must allege fraud, deceit, or comparable lack of good faith on the part of the union representing him, not the opposing party. See, e.g., Shores, 831 F.2d at 1383; Anderson, 773 F.2d at 882. An allegation that the employer engaged in fraud or deceit during arbitration is insufficient to confer standing to bring a Sec. 301 claim upon the individual union member. Since Fish concedes that there is no basis for attributing Reliance's alleged fraud to the Union, he is without standing to pursue this action.
 
 The decision of the district court is
 
 18
 AFFIRMED.
 
 
 
 [1]
 See also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22-23 (1983); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 560 (1968)
 
 
 [2]
 Ind.Code Sec. 34-4-2-13 provides in relevant part:
 (a) Upon application of a party, the court shall vacate an award where:
 (1) The award was procured by corruption or fraud;
 (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party.