13-2860-cv
Bejjani v. Manhattan Sheraton Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*

------------------------------------------------------------------------

JOSEPH BEJJANI, HENRY BOLEJSZO, ALAIN BREDA, AHMAD BULLA, GEOFFREY HABERER, RUHEL HASSAN, RICKY GARCIA, ABDELKABIR KAHTANE, MOHAMMED KHANFRI, KATHY KRINKE, STYLIANOS LOUKISSAS, ERICH LUNZER, JARIO MARTINEZ, EDILBERTO MORCOS, AART VAN DERLAAN, OSCAR FLORES,
                    *Plaintiffs-Appellants,*

JOHN O'CONNOR,
                    *Plaintiff,*

            v.                                No. 13-2860-cv

MANHATTAN SHERATON CORPORATION, dba ST. REGIS HOTEL, NEW YORK HOTEL AND MOTEL

1

TRADES COUNCIL, AFL-CIO,

                                 *Defendants-Appellees.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      ROBERT N. FELIX, ESQ., New York, New York.

APPEARING FOR APPELLEES:       MICHAEL STARR (Katherine Healy Marques, *on the brief*), Holland & Knight, LLP, New York, New York, *for Appellee Manhattan Sheraton Corp., dba St. Regis Hotel.*

                                             BARRY NEAL SALTZMAN (Vincent F. Pitta, Danya Ahmed, *on the brief*), Pitta & Giblin LLP, New York, New York, *for Appellee New York Hotel and Motel Trades Council, AFL-CIO.*

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 28, 2013, is AFFIRMED.

Plaintiffs are banquet servers employed by defendant Manhattan Sheraton Corporation, doing business as St. Regis Hotel (the "Hotel"), and represented by defendant New York Hotel and Motel Trades Council, AFL-CIO (the "Union"). Plaintiffs appeal from the dismissal of their claims that the Hotel violated terms of the operative collective bargaining agreement and that the Union violated its duty of fair representation. We review de novo the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), see Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010), accepting all factual

2

allegations as true and drawing all reasonable inferences in favor of the plaintiffs, see Askins v. Doe No. 1, 727 F.3d 248, 252–53 (2d Cir. 2013). We assume the parties' familiarity with the facts and the record of underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Legal Standard for Hybrid "§ 301/Fair Representation" Claims

To pursue this "§ 301/Fair Representation" claim, plaintiffs were required plausibly to allege both (1) the employer's breach of a collective bargaining agreement and (2) the union's breach of "its duty of fair representation vis-a-vis the union members." White v. White Rose Food, Div. of DiGiorgio Corp., 237 F.3d 174,178 (2d Cir. 2001). The latter breach cannot be supported only by allegations of negligence. See Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989). Rather, plaintiffs must plausibly allege union actions "are wholly arbitrary, discriminatory, or in bad faith." Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998) (internal quotation marks and alteration omitted). To be "arbitrary," the alleged actions, considered "in light of the factual and legal landscape at the time of the union's actions," must fall "so far outside a wide range of reasonableness as to be irrational." Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d at 709. To be "discriminatory," the allegations must plausibly allege disparate treatment "that was intentional, severe, and unrelated to legitimate union objectives." Id. (internal quotation marks omitted). Finally, "bad faith" requires allegations that the union engaged in "fraud, dishonesty, [or] other intentionally misleading conduct" with "an improper

3

intent, purpose or motive." Id. at 709–10 (internal quotation marks omitted). Our review of a claimed breach of the duty of fair representation is "highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 78 (1991); accord Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d at 709. Thus, to plead breach, plaintiffs must further plausibly allege a "causal connection between the union's wrongful conduct and their injuries." Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d at 126; accord Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d at 709.

2.    Application

On independent review of the record and relevant case law, we conclude that plaintiffs failed to plead a plausible claim of union breach essentially for the reasons stated by the district court in its thorough and well-reasoned Memorandum Opinion and Order granting dismissal of the hybrid action. On appeal, plaintiffs argue that the district court failed to consider the context and history of the parties' relationship and, therefore, failed to recognize that the complaint plausibly alleged that the Union had endeavored to retaliate against them by entering into a concealed agreement (the "Adour Agreement") benefitting Union members who are not banquet servers at the expense of banquet servers. The record does not support this argument.[1]

---

[1] Plaintiffs argued below that the Union breached its duty of fair representation by failing to arbitrate the Hotel's alleged practice of shifting work to non-banquet servers. Plaintiffs

4

The complaint alleges nothing more than legal and non-arbitrary Union actions that plaintiffs conclusorily construe as retaliatory because they do not benefit banquet servers. Even assuming the Adour Agreement operated to the disadvantage of banquet servers, it was hardly irrational, dishonest, or unrelated to Union objectives for the Union to enter into such an agreement, given its benefits for other Union members. See Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d at 129 ("A union's reasoned decision to support the interests of one group of employees over the competing interests of another group does not constitute arbitrary conduct."); see also Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d at 712 (stating that "there is no requirement that unions treat their members identically as long as their actions are related to legitimate union objectives" and "[t]he complete satisfaction of all who are represented is hardly to be expected" (internal quotation marks omitted)). Nor does the Union's failure to disclose the Adour Agreement plausibly state a claim of breach. Although the Union represents plaintiffs in negotiations and disputes with the Hotel, it was under no duty to disclose the Adour Agreement in negotiations to settle a prior lawsuit in which plaintiffs were represented by counsel, not the Union, as the Union was adverse to plaintiffs. See White v. White Rose Food, Div. of DiGiorgio Corp., 237 F.3d at 179 n.3

---

concede that the Union has since sought arbitration on this issue and, instead, argue that the Union cannot be trusted to address their grievances in the arbitration. This new argument effectively asserts that other alleged breaches of the duty of fair representation preclude effective arbitration and allow them to maintain a hybrid action in court against both the Union and the Hotel. Because we conclude that plaintiffs have not plausibly alleged a breach of the duty of fair representation, the argument is without merit.

(stating that duty of fair representation arises from exclusive representational status); see also Freeman v. Local Union No. 135, 746 F.2d 1316, 1321 (7th Cir. 1984) ("If a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation."). Moreover, not alerting plaintiffs to the Adour Agreement when they complained about the Hotel shifting work to non-banquet servers does not create an inference of bad faith because plaintiffs do not plausibly allege that the Adour Agreement violated any "unambiguous contractual entitlement[s]," Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d at 129, and plaintiffs do not allege any "intentionally misleading conduct" with regard to plaintiffs' rights, id. at 126. Indeed, plaintiffs have cited no authority holding that the duty of fair representation requires disclosure of all agreements that may in some way affect certain union members. Cf. White v. White Rose Food, a Div. of DiGiorgio Corp., 237 F.3d at 183 ("[T]he mere failure to provide notice and an opportunity to be heard regarding [an agreement], without more, does not amount to bad faith.").

Plaintiffs argue that the timing of the Adour Agreement in relation to plaintiffs' first lawsuit allows a plausible inference of collusive Union and Hotel retaliation against them. We disagree. The six-week delay between plaintiffs' first suit against the Union and the Ardour Agreement, by itself, fails to raise a plausible inference of bad faith or conspiracy to retaliate, leaving nothing but plaintiffs' conclusory allegations. See Anderson News, LLC v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) ("Conclusory allegations of

6

'participation' in a 'conspiracy' have long been held insufficient to state a claim."). Moreover, the specific misstatements at issue, see, e.g., J.A. 19–23 (alleging that Union misrepresented that it sent requests for information to the Hotel); id. at 22–23 (alleging "[c]ertain previous meeting dates were claimed to have contained facts that belonged to other meeting dates"), are minor discrepancies that do not indicate intentional misrepresentation and, when viewed in totality, instead support at most an inference of negligence, not bad faith or a conspiracy to retaliate. See Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d at 710; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (requiring allegations to "nudge[] . . . claims across the line from conceivable to plausible" in order to survive motion to dismiss).

Accordingly, we affirm substantially for the reasons stated by the district court in its Memorandum Opinion and Order of Dismissal.

We have considered the remainder of plaintiffs' claims and consider them to be without merit. The order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court