**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014[*]
Decided December 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-2612

| | |
|---|---|
| SUSAN ANN SANDS WEDEWARD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 13-cv-100-bbc |
| | |
| LOCAL 306, NATIONAL POSTAL | Barbara B. Crabb, |
| MAIL HANDLERS UNION, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Susan Ann Sands Wedeward, a former postal worker, appeals the grant of summary judgment for her union, National Mail Handler's Local 306, which, she asserted, breached its duty of fair representation in connection with her efforts to challenge her discharge by the United States Postal Service. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Wedeward's dispute with the union began in 2006, when she injured her back lifting mail bags and had her request for worker's compensation denied. She blamed the union for not interceding with the Post Office to fix the paperwork that led to the denial of her claim (the injury description did not match the incident report). Wedeward took some time off after her injury and upon her return was moved to light duty.

Four years later her supervisor told her that she would have to resume regular duty unless she updated the medical documentation supporting her light-duty restriction. Wedeward initially agreed to provide documentation but changed her mind because, she told her union steward, she already had documented the permanent nature of her disability. After learning that Wedeward would be removed from light duty, the union steward encouraged Wedeward to provide the documentation. Wedeward didn't, and was removed from light duty. Wedeward refused reassignment, did not return to work, and was marked "AWOL."

The union challenged the AWOL designation in grievances filed on Wedeward's behalf. At a "day in court" session conducted by management (to give Wedeward a chance to respond to disciplinary charges), Wedeward and the union maintained that she was disabled, disputed the charge that she had been "AWOL," and criticized management's forcing her to choose between working at the risk of further injury or simply going home. Management eventually disciplined Wedeward for being "AWOL" and discharged her.

The union continued to challenge Wedeward's discharge through the grievance procedure outlined by the collective bargaining agreement. At the Step One meeting (an initial attempt to resolve the grievance with a supervisor), the union again argued that Wedeward should not have had to choose between accepting the reassignment or going home. Although management offered to rescind its discipline as long as Wedeward provided the necessary medical documentation, she rejected the offer. The case proceeded to Step Two (at which management prepares an official decision explaining its reason for rejecting the grievance), and the union and Post Office agreed to hold the case in abeyance pending resolution of the social security disability claim that Wedeward had filed. At Step Three (where the union appeals the Step Two decision) the Post Office again denied the grievance. The union then exercised its discretion to bring Wedeward's grievance to arbitration, in the hope that she could obtain a settlement that would allow her to leave on disability retirement rather than under discipline. Delays ensued, first because the arbitrator was unavailable and later because the union's advocate retired, and then the arbitration was suspended while the union negotiated a

new collective bargaining agreement. When the arbitration was rescheduled, Wedeward informed the union she no longer wished to proceed, so the union withdrew from the arbitration.

Wedeward then sued the union in Wisconsin state court, asserting that the union denied her fair representation in her challenge to her discharge and in her 2006 application for worker's compensation. The union removed the case to federal court.

The district court granted summary judgment for the union. The court determined that the union did not breach its duty of fair representation in her dispute; to the contrary, the union made extensive efforts to help her challenge her discharge at all stages of the grievance process. Wedeward, the court added, failed to produce any evidence to raise a question of fact about whether the union acted with discrimination, hostility, or arbitrariness in its representation. And to the extent that Wedeward believed that the union denied her fair representation in her attempts to obtain worker's compensation, she had no claim, the court concluded, because the worker's compensation program run by the Postal Service was not covered by its collective bargaining agreement with the union.

Wedeward's arguments on appeal are difficult to pin down, but she seems to suggest that the union breached its duty of fair representation by allowing her arbitration to be postponed. But the district court correctly concluded that Wedeward provided no evidence to suggest that the union acted in a manner that was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). *See also Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 892–93 (7th Cir. 2010) (to show arbitrariness, the union must have acted "so far outside a wide range of reasonableness, as to be irrational") *quoting Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991); *Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 866 (7th Cir. 2009) (to show bad faith the plaintiff must provide subjective evidence the union official's decisions were improperly motivated). Not only was the rescheduling of the original arbitration outside the union's control—because of the arbitrator's unavailability, the advocate's retirement, and the negotiation of the new collective bargaining agreement—but Wedeward herself decided not to proceed with the arbitration when it was rescheduled.

Wedeward also maintains that the union breached its duty of fair representation with regard to her 2006 worker's compensation claim when it failed to correct misstatements on the forms that characterized how her injury occurred. But as the court properly explained, the union owed her no such duty because the worker's

compensation process is not covered by the collective bargaining agreement. *See White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 183 (2d Cir. 2001) (no breach of union's duty of fair representation where there was no duty to inform members about an amendment to a settlement agreement); *Freeman v. Local Union No. 135, Chauffeurs, Teamsters, Warehousemen and Helpers*, 746 F.2d 1316, 1321–22 (7th Cir. 1984) ("union was under no duty to provide [plaintiff] with more legal assistance than bargained for or required by law.").

AFFIRMED.